Ackley v. The People.

New trial denied.

---

SAME TERM. *Before the same Justices.*

ACKLEY *vs.* THE PEOPLE.

Where, upon the trial of an indictment, no proof is given, as to the general character of the defendant, the law assumes that it is of ordinary fairness.

A prisoner on trial may show what his reputation is, and then the question is open to the prosecution, and for the jury to determine, like other controverted facts. But if the prisoner chooses to give no evidence on the subject, the jury are not at liberty to indulge in conjecture that his character is bad, in order to infer that he is guilty of the particular crime charged.

Error to the Ontario oyer and terminer. The indictment was for burglary and larceny, and was tried at a term of the court of oyer and terminer for Ontario county, held in December, 1849. The evidence being closed, and the counsel for the prisoner and the people having summed up the cause to the jury, and after the court had charged the jury and they were about retiring to deliberate, the defendant's counsel requested the court to charge, that inasmuch as no evidence had been given of the general character of the defendant, the law would presume it of ordinary fairness, &c. ; and if the prisoner did not choose to give evidence upon the subject, the jury were not at liberty to indulge in conjecture that his character was bad, or to infer guilt of the particular crime charged. The court declined so to charge, and did charge, that in a case of circumstantial evidence only, proof of the defendant's good character was admissible to repel the inference of guilt arising from such circumstances ; and that the absence of such proof of good character, was to be taken into the account against him. The defendant's counsel excepted to the charge, and the defendant was convicted of grand larceny. Judgment having been passed against him, he brought error to this court.

*S. S. Bowne,* for the prisoner.

*S. V. R. Mallory,* (district att'y of Ontario,) for the people.

*By the Court,* WELLES, P. J. According to the doctrine of the court in *The People* v. *Bodine,* (1 *Denio,* 314,) the charge to the jury in this case, in regard to the consequence of the defendant's omission to give evidence of good character, was erroneous. If the court had simply declined charging as requested by the prisoner's counsel, there would have been no error on that subject, as no evidence had been offered on either side, touching the defendant's general character ; and according to some of the authorities, the views contained in the charge, were sound. But the more recent cases, hold that where no proof of general character is given, the law assumes that it is of ordinary

Borrodaile *v.* Leek.

fairness. A prisoner on trial, may show what his reputation is, and then the question is open to the prosecution, and for the jury to determine, like other controverted facts. But if the prisoner chooses to give no evidence on the subject, the jury are not at liberty to indulge in conjecture that his character is bad, in order to infer that he is guilty of the particular crime charged. As the judgment must be reversed, on the ground of this error in the charge, it becomes unnecessary to consider the other questions raised on the bill of exceptions.·

The judgment of the court of oyer and terminer must be reversed, and a new trial granted.

---

SAME TERM.  *Before the same Justices.*