(114 App. Div. 427.)

### PEOPLE v. LANGLEY.

(Supreme Court, Appellate Division, First Department. July 12, 1906.)

1. INDICTMENT—FALSE PRETENSES—AMENDMENT—DESCRIPTION OF PROPERTY.
   Under Code Cr. Proc. § 293, providing that when on the trial of an indictment there is a variance as to time, or, if a mistake in the name or description of any place, person, or thing shall appear, the court may, if defendant cannot be thereby prejudiced on the merits, direct the in-

dictment to be amended according to the proof, etc., where in an indictment for grand larceny certain land concerning which the fraudulent representations whereby defendant obtained money was described as being in Virginia, but the proof showed that it was in West Virginia, the court properly permitted the indictment to be amended to conform to the proof.

**2. FALSE PRETENSES—EVIDENCE.**

In a prosecution for grand larceny, testimony of a witness was admissible for the purpose of showing that he, and not defendant nor a certain company, the stock whereof defendant claimed to be principal owner, owned certain land; and an abstract of title to the land was also admissible as bearing on the subject.

**3. CRIMINAL LAW—INSTRUCTIONS—FAILURE OF DEFENDANT TO TESTIFY—PREJUDICIAL ERROR.**

Where, in the prosecution for grand larceny, there was evidence that defendant, fraudulently representing himself to be in control of a corporation owning certain lands, obtained money from prosecuting witnesses, a charge that "now defendant has not taken the stand, and you must not pay any attention whatever to that. We are not here to save fools from the consequences of their folly; the duty as to that rests with the Almighty"—was not prejudicial to defendant as referring to his failure to testify in his own behalf.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 1902, 1903.]

**4. SAME—CHARACTER—EVIDENCE.**

Where, in a criminal case, no evidence of general character has been given, the court properly refused to charge at defendant's request that defendant was presumed to have a good character.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 1838–1844.]

Appeal from Trial Term.

James H. Langley was convicted of grand larceny, and appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Lorlys E. Rogers, for appellant.
E. Crosby Kindleberger, for the People.

McLAUGHLIN, J. The defendant was convicted of grand larceny in the second degree in obtaining $400 in cash and a note for $100 from the complaining witness, Ranke, by means of false pretenses, and sentenced to serve a term of three years in State's Prison. At the trial the testimony on the part of the people (the defendant offered no evidence) tended to establish the following facts: That as the result of an advertisement of defendant's appearing in a newspaper published in the city of New York, the defendant and Ranke entered into a communication, met on several occasions at the office in which defendant had desk room, and once at defendant's' apartment; that at these conferences the defendant represented to Ranke, by direct statements to him and by the exhibition of circulars, balance sheets, and other documents shown and mailed to him, that he was in control of the Morgan-Stokes Company, a corporation earning about $5,000 a year, which owned some 10 square miles of very valuable land in West Virginia, and that the company was about to be reorganized for the

purpose of developing the property; that the meetings finally culminated in the signing of an agreement by Ranke and defendant, whereby the former agreed to purchase 50 shares of the corporation's stock at $10 a share, with the option of purchasing 950 shares more, on which he was to receive the dividends as fast as he paid for the stock; that Ranke was to become vice president and secretary with a drawing account of $25 per week, and defendant was to be the president of the corporation, and entitled to draw $50 a week; that, relying upon the representations of defendant, Ranke paid him $400 in cash, and gave him a note for $100 in payment of the stock; that the name of the corporation and defendant's own name were used interchangeably by him in his representations as to the ownership of this land; that the land in question was not owned by defendant nor the Morgan-Stokes Company, nor did they have any interest in or control over it; that at the time of the negotiations, and for many years immediately prior thereto, it was owned by the witness Wyman, in whose name the title stood.

At the close of the testimony the court suggested that the indictment be amended by inserting the word "West" before "Virginia" to conform to the proof; there being no question but what the land concerning which the representations were made was in West Virginia, though the indictment described it as being in Virginia. The defendant objected to the amendment, which was overruled, and an exception taken.

The exception is unavailing. There is no doubt as to the right of the court to amend the indictment by correcting the description of the property. Section 293, Code Cr. Proc. Nor did the court err in refusing to direct an acquittal, on motion of defendant's counsel, even though made before the amendment, inasmuch as the identity of the property had been clearly established. Defendant's counsel also complains of the injustice of basing a conviction upon the testimony of the complaining witness. The credibility of this witness was for the jury, and that they believed him is evidenced by their verdict, which is amply sustained when his testimony is read in connection with the other evidence in the case.

Complaint is also made as to the evidence tending to establish the identity of the land concerning which the false representations were made. The testimony of the witness Wyman was admissible for the purpose of showing that he, and not the defendant nor the Morgan-Stokes Company, was the owner of it. The abstract of title which was produced in evidence was admissible as bearing on this subject. During the course of the charge the court said:

"Now, the defendant has not taken the stand, and you must not pay any attention whatever to that. We are not here to save fools from the consequences of their folly. The duty as to that rests with the Almighty. We are here simply to punish violations of the Penal Code."

No exception was taken, but it is urged for the first time on appeal that the jury must have understood that the court, when he said "We are not here to save fools from the consequences of their folly," referred to the conduct of the defendant in not testifying in his own behalf. This cannot be, because in the sentence immediately pre-

ceding he had said that the jury must not pay any attention whatever to the fact that the defendant had not testified. That he was referring to Ranke in parting with his money, and not to the defendant, is clearly apparent when the whole charge is read, and must have been so understood by the jury.

Finally, it is urged that the court erred in refusing to charge, at the request of defendant's counsel, that the defendant was presumed to have a good character. No evidence had been given by defendant as to his character, and for that reason none could be offered by the people. Where no evidence of general character has been given, the subject of character is not one for the consideration of the jury. People v. Bodine, 1 Denio, 281; Ackley v. People, 9 Barb. 609; Underhill on Criminal Evidence, § 76; People v. Pekarz (decided by the Court of Appeals June 21, 1906) 185 N. Y. 470, 78 N. E. 294.

I have been unable to find any errors in the record which call for a reversal of the judgment. The defendant had a fair trial, the evidence sustains the verdict, and therefore the judgment and order appealed from should be affirmed. All concur.