Peter T. Farrell, J.
This motion to inspect the Grand Jury minutes is resisted by the District Attorney on three grounds.
First, it is contended that since there has been made (and approved by the court) a recommendation that the accused be investigated to determine his eligibility for youthful offender treatment and since the requisite consent to such possible treatment has been given on the defendant’s behalf, such a motion does not lie at this time. This position is maintained upon the authority of subdivision 3 of section 913-g of the Code of Criminal Procedure which, in part, provides that after such recommendation, approval and consent ‘ ‘ the indictment or *294 information shall be held in abeyance and no further action shall be taken in connection with such indictment or information” until the examinations, investigation and questioning of the defendant shall have been had.
True, by this act of grace, the State offers a possibility that there will be removed any danger that the defendant will be stigmatized as a felon, if the question of eligibility for youthful offender treatment be resolved and acted upon favorably to him. But it does not change the basic reality that, because of an indictment or information (the justice of which he denies by his plea of not guilty) a younger citizen stands before the court, against his will, charged with conduct in violation of the criminal law. The outcome of the proceeding may be his conviction as a felon or, by a more favorable turn of events, may be such as to bring about a restriction of his liberty either by incarceration or probation. (Code Grim. Pro., § 913-m.) Meanwhile, though his plea proclaims his innocence, he is submitted to the careful scrutiny of a searching investigation. The point is not that all of this is not fitting and proper, but that it is fitting and proper only when warranted by unquestionably legal proceedings which have brought it about. It seems fairer to conclude them, that by directing a suspension of proceedings pending investigation, the Legislature intended only to arrest any such proceedings as might impair or even defeat the possible ultimate benefit to the accused, and not that it intended to deprive him of the substantial right to challenge the sufficiency of the evidence underlying a presentment upon which the justice of any action whatever in the matter, completely depends. If the indictment is without lawful support, so is the entire resulting proceeding. Reason rejects the proposition that the Legislature intended to preclude the accused from questioning the justice of the indictment which he is held to answer, until his eligibility for a treatment (which may be wholly unwarranted in the first place) shall have been determined. Authority indicates that any such legislative assumption of power to curtail his right to challenge the sufficiency of the evidence on which he is held for trial, would be vain and ineffective. (People v. Nitzberg, 289 N. Y. 523, 529-531; cf. also, People v. Van Allen, 275 App. Div. 181, 184-187 [3d Dept.].)
Second, it is contended that, the indictment itself being sealed, its support in the evidence may not be inquired into. It is true that such indictments are sealed but only as to the public ’ ’ (Code Grim. Pro., 913-f) the obvious intent being, so far as possible, to avoid public disclosure of the circumstances which *295 have brought the accused to the bar to answer for his misconduct. (§ 913-k.) That, however, does not forbid the court to inquire into the sufficiency of the cause which brings him there.
Finally, it is contended that so long as his consent to possible future youthful offender treatment stands, the defendant may not challenge the sufficiency of the evidence underlying the indictment, by motion to inspect and dismiss. If the views already expressed are sound, it would appear that such position can be maintained if at all, only upon a theory that such a consent amounts to a waiver of substantial legal rights. Viewed in the light of realism, it is difficult to accept the conclusion that the accused, is precluded by his consent, from challenging the legal sufficiency of the medium which has brought him to a legalistic sort of “ Hobson’s choice.” By his consent, he acquires no dependable and final advantage but merely a possibility that he may receive a benefit, attended by an equally distinct possibility that he may be treated as a felon, for he has not, actually or in effect, made any pact with the State, binding it in any way. Although innocent, a sensible regard for the hazards of litigation in a criminal court, with liberty as the stake, may impel him to adopt such measures as may possibly lighten the consequences of any eventual adjudication of guilt and a consent should more readily be regarded as such a measure of prudence rather than a waiver of fundamental right. And if, as it is now considered, a consent, is ineffective as a waiver of the right to attach the sufficiency of the charge which the accused has been held to answer, its withdrawal cannot be insisted upon as a condition which must be met before the more fundamental right may be availed of by him.
If established practices and procedures for the carrying out of the salutary purposes of the youthful offender law are found to be at variance with the exercise of the fundamental rights of the accused, they should yield to those rights and be made to conform with their preservation. Otherwise, we may fall victims to the delusion that the law may be trifled with because, as we see it, good will come of it. Since no such pretended justification avails an accused (People ex rel. Hegeman v. Corrigan, 195 N. Y. 1, 13-14), it is plainly less becoming for administrators of justice to be affected by any such view.
It follows that the motion to inspect the Grand Jury minutes • should be granted at least to the extent that such minutes should be examined by the court. Such an inspection reveals *296 that sufficient legal evidence was submitted to sustain the charge made in the indictment. In consequence, so much of the motion as seeks a dismissal of the indictment for the alleged insufficiency of the evidence upon which it was voted, is denied.
Order accordingly made herewith.