John J. Walsh, J.
The defendant was indicted by the January Grand Jury on a felony indictment together with a recommendation that he be treated as a youthful offender. Upon his preliminary appearance before the court, he declined to execute his consent to be so treated upon the ground that he would thereby be waiving any right to challenge the sufficiency of the evidence before the Grand Jury. Instead, he interposed a motion to inspect the' Grand Jury minutes. Although the District Attorney did not oppose the application, neither he, nor defense counsel were able to cite any specific reported case on the matter. The court orally granted the application to the extent of ordering the Grand Jury minutes to be examined by the court to determine the sufficiency of the evidence, since the said defendant had been discharged by the committing Magistrate on a preliminary examination, and was ordered held merely as a material witness in the case. At the same time, the court announced its intention to submit a memorandum opinion of the reasons which prompted the decision.
Research discloses that this precise question was passed upon with the same result in the case of People v. Brower by Judge Farrell in Queens County Court. In a most logical and clear opinion (16 Misc 2d 293), the court held that neither the fact that the indictment is held in abeyance, nor that it is sealed as to the public, nor that defendant has executed a consent to be treated as a youthful offender (Code Grim. Pro., §§ 913-e, 913-f, 913-g, subd. 3) should destroy any of the rights of the defendant.
The court said in part (p. 295):
“ If established practices and procedures for the carrying out of the salutary purposes of the youthful offender law are found to be at variance with the exercise of the fundamental rights of the accused, they should yield to those rights and be made to conform with their preservation.”
‘ ‘ If the indictment is without lawful support, so is the entire resulting proceeding. Reason rejects the proposition that the Legislature intended to preclude the accused from questioning
*337 the justice of the indictment which he is held to answer, until his eligibility for a treatment (which may be wholly ■unwarranted in the first place) shall have been determined. Authority indicates that any such legislative assumption of power to curtail his right to challenge the sufficiency of the evidence on which he is held for trial, would be vain and ineffective. (People v. Nitzberg, 289 N. Y. 523, 529-531; cf., also, People v. Van Allen, 275 App. Div. 181, 184-187 [Third Dept.]) ” (p. 294).