## COURT OF APPEALS.

### Nov. 9, 1909.

## THE PEOPLE v. CHARLES T. GEYER.

### (196 N. Y. 364.)

(1). INDICTMENT—AMENDMENT OF, BY TRIAL COURT, TO CONFORM WITH PROOF—CODE CRIM. PRO., SEC. 293.

Under section 293 of the Code of Criminal Procedure the court may amend an indictment to conform with the proof in respect to time, or the name or description of any place, person or thing, if the defendant cannot be thereby prejudiced in his defense on the merits; but it was not the purpose of the legislature to authorize the court by amendment to change the substantial elements and nature of the crime charged and thus in effect substitute a new indictment in the place of the one found by the grand jury.

(2). SAME—CHANGING CRIME, REVERSIBLE ERROR.

Where an indictment charged the defendant with the larceny of a check for five hundred dollars on a given date, and the evidence established that the check was sent to him in a fiduciary capacity and that he indorsed and deposited it to his credit, as he rightfully might, and that his wrongdoing consisted in thereafter withdrawing and misappropriating the proceeds of the check thus deposited, it was reversible error to amend the indictment so that it charged the defendant with the larceny of "five hundred dollars, good and lawful money of the United States and of the value of five hundred dollars."

(3). SAME—TRIAL—ERRONEOUS ADMISSION OF EVIDENCE.

It is error, upon the trial of a defendant charged with larceny, to receive evidence of admissions made by him and tending to show that he had wasted or misapplied money belonging to an estate of which he had been the executor and trustee, where such acts had no relation whatever to the offense charged in the indictment.

People v. Geyer, 132 App. Div. 790, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 11, 1909, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York, rendered upon

a verdict convicting the defendant of the crime of grand larceny in the second degree.

The facts, so far as material, are stated in the opinion.

*Charles Lex Brooke* for appellant. The court erred in admitting in evidence the conversation between the defendant and complainant relative to moneys of estate of Captain Richardson, and complainant's brother, over objection of defendant. (*People v. Greenwall,* 108 N. Y. 296; *People v. Dorthy,* 156 N. Y. 237; *People v. Sharp,* 107 N. Y. 422; *People v. Sekeson,* 111 App. Div. 490; *People v. Molineux,* 168 N. Y. 264; *People v. Governale,* 193 N. Y. 581; *People v. Jones,* 191 N. Y. 291; *People v. Loomis,* 178 N. Y. 400). The court erred in permitting the amendment of the indictment on motion of district attorney by striking out the words " One written instrument or the evidence of debt, to wit, an order for the payment of money of the kind commonly called Bank Checks for the payment of and of the value of $500.00," and by substituting therefor the words, " $500.00, good and lawful money of the United States, and of the value of $500.00." (*People v. Trank,* 88 App. Div. 284; *People v. Johnson,* 104 N. Y. 213; *People v. Formosa,* 131 N. Y. 478; *People v. Krank,* 110 N. Y. 488; *People v. Jackson,* 111 N. Y. 362; *People v. Jones,* 129 App. Div. 772).

*William Travers Jerome, District Attorney (E. Crosby Kindleberger* of counsel), for respondent. The court properly admitted the conversation between Robert Richardson and the defendant. (*People v. Molineux,* 168 N. Y. 264; *People v. Pickens,* 153 N. Y. 576; *People v. Neff,* 191 N. Y. 210; *People v. Weber,* 130 App. Div. 593; *People v. Rogers,* 192 N. Y. 331; *People v. Cahill,* 193 N. Y. 232; *People v. Wenzel,* 189 N. Y. 275; *People v. Governale,* 193 N. Y. 581; *People v. Carlin,* 194 N. Y. 448). The defendant was not prejudiced by the

amendment of the indictment. (Code Cr. Pro. §§ 285, 684; *People v. Johnson,* 104 N. Y. 213; *People v. Formosa,* 131 N. Y. 478; *People v. Emerson,* 53 Hun, 437; *People v. Krank,* 110 N. Y. 488; *People v. Jackson,* 111 N. Y. 362; *People v. Jones,* 129 App. Div. 772; 195 N. Y. 547; *People v. Dunn,* 25 N. Y. S. R. 460; *People v. Hagan,* 14 N. Y. Supp. 233; *People v. Herman,* 45 Hun, 175; *People v. Richards,* 44 Hun, 278; *People v. Coombs,* 36 App. Div. 284; 158 N. Y. 532).

HISCOCK, J.:

The appellant has been convicted of the crime of grand larceny in the second degree, and on this appeal urges two reasons which, as I think, necessitate a reversal of his conviction.

The indictment charged that the subject of his alleged larceny was " one written instrument and evidence of debt, to wit, an order for the payment of money of the kind commonly called bank checks, for the payment of and of the value of five hundred dollars," and that the larceny occurred November 15, 1902.

The evidence tended to establish that at about the date mentioned a check for $500 was sent to the appellant in a fiduciary capacity and that he indorsed and deposited it to his credit as he rightfully might, and that his wrongdoing consisted in thereafter withdrawing and misappropriating the proceeds of the check thus deposited. It was perceived and conceded by the district attorney on the trial that the charge of the indictment was not sustained by this evidence, which had been duly objected to, and he thereupon moved that the indictment be amended so as to conform to the evidence as above summarized, by charging larceny of " Five hundred dollars, good and lawful money of the United States and of the value of Five hundred dollars." This amendment was allowed in spite of the timely and proper objections of the appellant, and its allow-

ance is one of the errors to be considered. As I have indicated, I think its allowance was improper.

The trial court permitted and the district attorney now seeks to justify this amendment under the provisions of section 293 of the Code of Criminal Procedure, which read as follows: " Upon the trial of an indictment, when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended, according to the proof, on such terms . . . . as the court may deem reasonable."

I do not think that this section contemplates or authorizes any such amendment as was permitted in this case. The general object of the section is perfectly obvious. It is in line with other sections of the Code and was intended to prevent the escape of guilty persons and a miscarriage of justice by reason of inconsequential technicalities, and to this end it materially enlarged the powers of the trial court to prevent any such undesirable results by amendments of the nature specified.

It not infrequently happens that an indictment sets forth many details which are proper in alleging and describing the crime, but which surround and in some degree characterize, rather than constitute the real substance and body of, the offense charged and the allegation of which may be amended without changing the identity of the crime or of the subject of the crime and without impairment of the rights of the accused person. Such amendments are within the letter and spirit of the statute. But of course it could not have been and was not the purpose of the legislature to attempt to authorize the trial court by amendment to change the substantial elements and nature of the crime charged and in effect substitute a new indictment in the place of the one found by the grand jury.

Illustrations of the two classes of amendments which might be proposed readily occur to the mind. If the indictment charged the accused with stealing a horse and alleged that the latter was of one color or of one age, when as a matter of fact it was of another, it is apparent that the court would be justified in allowing an amendment to cure this variation of evidence. The substance of the crime charged in either case would be the larceny of a horse; the latter's age or color would be an inconsequential detail. If, on the other hand, the indictment having charged the accused with stealing such a horse, the evidence should show that he had in fact stolen a wagon or some entirely different article of personal property than that specified in the indictment, it is quite clear that the court would not be justified in amending the indictment to fit such evidence. In such case the very substance of the crime would be involved in the variation and to permit an amendment would quite change the identity of the crime although in either case it might continue to be grand larceny.

The amendment under consideration in this case is of the latter character rather than of the former. The appellant was charged with stealing a check on a given date. He was convicted of misappropriating at a different date the proceeds of a check which he had a perfect right to receive and procure to be cashed. The property set forth in the indictment and that for the alleged larceny of which he has been convicted were entirely distinct and distinguishable. The check mentioned in the indictment had a well-defined character and value of its own (Penal Code, § 545), and for the purposes of this discussion is not to be regarded at all as the same thing as bills or coin. The variation between indicting a man for stealing a horse and convicting him for stealing articles of household furniture would not be any more pronounced in principle than the variation between the indictment and proof in the present case. In fact the very authorities cited by the district attorney to sus-

tain his position on this appeal make it perfectly clear that he is wrong and that this amendment is not of the character authorized.

In *People v. Richards* (44 Hun, 278, 286) the court had before it for discussion an amendment of an indictment allowed for the purpose of conforming its allegations to the proof in respect to the ownership of a vault in a cemetery into which the defendant was alleged to have broken. The substance of the crime charged was that the accused had broken into the vault with intent to steal, etc. A detail of the description of the crime was that the vault belonged to certain persons and the statement of this detail was not entirely correct. It was properly held that this amendment came within the provisions of the section in question.

In *People v. Hermann* (45 Hun, 175) it appeared that the defendant had been indicted for larceny in carrying away certain shoes which were alleged to be the property of one person, whereas it was proved that they belonged to another, the indictment being amended accordingly. It was held that this was proper, and Judge DANIELS, writing for the court, said: " The name of the owner of the property was no material attribute whatever of the crime charged to have been committed by the defendant. It was included in no act of his in the way of the commission or consummation of the crime. That was committed by feloniously taking or stealing the property mentioned in the indictment. It is not essential to the crime that the property should be owned by any particular corporation or person, and the principal object of inserting the name of the owner in the indictment, was to enable the prosecutor to prove the fact that the property was taken without the consent of such owner. The amendment could in no manner prejudice the defendant in his defense on the merits, for the gist of the charge was that he had feloniously stolen this property." (p. 176.)

In *People v. Langley* (114 App. Div. 427) it appeared that the defendant had been convicted of the crime of grand larceny in obtaining certain property by means of false representations. The indictment charged that one of the representations was that he owned certain valuable property in Virginia, whereas the evidence showed the representation to have been of the ownership of such property in West Virginia. The court allowed the indictment to be amended. It is perfectly apparent that in such a case the amendment allowed by the court was proper.

In *People v. Johnson* (104 N. Y. 213) the defendant appealed from a judgment on conviction of the crime of seduction under promise of marriage. The indictment alleged that the name of the woman seduced was Mary Olivert, whereas the evidence showed it to be Mary Oliplant, and the court allowed an amendment. This amendment manifestly comes within the wording of the provision which has been quoted and was upheld, the court saying: " The woman's name was not essential in the description of the offense. It would have been enough, even under the former system of criminal procedure, to have described her as one whose name was to the jurors unknown, and the legislature did not exceed its power when it provided that if the proof showed the name to have been erroneously stated, the variance should not be to the advantage of the offender, unless he was in some way thereby ' prejudiced in his defense on the merits.' " (p. 217.)

The only case which has been called to our attention dealing with an amendment at all similar to that which was permitted in this case is the one of *People v. Poucher* (30 Hun, 576), and this is a distinct authority for the appellant's contention, going further in my opinion than it is necessary to go in this case. In that case the indictment charged that the defendant had unlawfully obtained from certain people one ring of the value of eight dollars, and certain " gold coins." It appeared by the evidence that the appellant obtained the ring described

in the indictment, but did not obtain any of the other property described therein, obtaining in place thereof forty-five dollars in currency. It was held that an amendment conforming the indictment to the evidence under such circumstances was erroneous under section 293 of the Code of Criminal Procedure, Judge HARDIN, who wrote for the court, saying: "We do not see how one thing named, to wit, coin, can be stricken out (of the indictment) and another thing, to wit, currency, be substituted in place of the thing stricken out, under the guise of amending the description of the thing named. In short, we are of the opinion that the section does not authorize an amendment of an indictment which charges the larceny of coin enumerated, by inserting an allegation of currency or of 'bank bills, lawful money of the United States, of a kind, number and denomination unknown, and upon a bank unknown.'" (p. 578.)

The other error alleged by the appellant consisted in the introduction of evidence relating to alleged offenses entirely distinct and disconnected from the one charged in the indictment in spite of his objections.

It appeared that the appellant had been the executor of and trustee under the will of one Richardson, who was the father of the complainant in this case, and evidence was given of admissions by him tending to show that he had wasted or misapplied a considerable sum of money belonging to said estate and to the heirs thereof in improper investments. As I have said, these transactions, assuming them to have occurred as claimed by the People and which was denied by the appellant, had no relation whatever to the offense charged in the indictment, and it was entirely unnecessary in the presentation of the People's case to detail the conversation or that portion of the conversation in which it is claimed that the appellant confessed to those misdeeds. The district attorney now seeks to uphold the admission of this testimony upon various theories, all of which, however, are so erroneous that it is not possible either to uphold

the introduction of the evidence or to understand why it should have been urged upon and received by the learned trial court.

While apparently in view of the Statute of Limitations this defendant may escape merited punishment for wrongful acts, it is impossible to prevent this result in the disposition of this appeal in view of the serious errors which have been committed.

The judgment of conviction should be reversed and a new trial granted.

CULLEN, Ch. J., GRAY and WILLARD BARTLETT, JJ., concur; HAIGHT and WERNER, JJ., concur in result on second ground stated in opinion, but dissent as to the first ground; EDWARD T. BARTLETT, J., absent.

Judgment of conviction reversed.