## COURT OF APPEALS.

### December 4, 1917.

## THE PEOPLE v. JAMES VAN EVERY.

(222 N. Y. 74.)

INDICTMENT WHICH CHARGES THE COMMISSION OF A CRIME SUBSEQUENT TO
THE FINDING OF THE SAME IS INVALID, AS FAILING TO CHARGE A CRIME,
AND CANNOT BE AMENDED.

An indictment which charges a crime as having been committed sub-
sequent to the finding of the same by the grand jury, as matter of law,
cannot be regarded as charging any crime. The omission to charge the
commission of a crime as of a time prior to the finding of an indictment
is one of substance, not of form, and such an indictment cannot be
amended by the court. (Code Crim. Proc., §§ 280, 284, subd. 5, 293.
(People v. Van Every, 171 App. Div. 973, reversed.)

APPEAL from the judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 13, 1915, which affirmed a judgment of conviction
rendered by the Chautauqua County Court upon defendant's
refusal to plead to an indictment charging him with adultery
after disallowance of his demurrer thereto, and also affirmed
the order disallowing said demurrer and an order permitting
an amendment to the indictment.

The facts so far as material are stated in the opinion.

*Thomas H. Larkins* for appellant. The indictment was
fatally defective. The defect was one of substance and could
not be cured by amendment. (State v. Davidson, 36 Tex. 325;
2 Hale's Pleas of the Crown, 324; 1 Rolle's Abridg. 991;
Terrill v. State, 165 Ind. 443; Dickson v. State, 20 Fla. 200;
Serpentine v. State, 1 How. [Miss.] 256; Drummond v. State,
4 Tex. App. 150; Murphy v. State, 106 Ind. 96; Murphy v.
State, 107 Ind. 598; McGhee v. State, 26 Ala. 154; Markley

v. State, 10 Mo. 291; Comm. v. Doyle, 110 Mass. 103.) The amendment was not such as contemplated by section 293 of the Code of Criminal Procedure; it was not made under the circumstances provided for by this section and the court had not the power to grant the motion to amend. (State v. Springer, 43 Ark. 91; Dickson v. State, 20 Fla. 200.)

*Warner S. Rexford* for respondent. Indictments may be amended as to time, place and names. (Code Crim. Proc., § 293; People v. Jackson, 111 N. Y. 362; People v. Johnson, 104 N. Y. 213; People v. Formosa, 131 N. Y. 478; People v. Geyer, 196, N. Y. 364; People v. Davey, 179 N. Y. 348.) Time is not an essence of the crime and not an error of substance, but of form. (People v. Davey, 179 N. Y. 348.)

HOGAN, J.:

The grand jury of Chautauqua county on the 8th day of February, 1915, presented to the Supreme Court an indictment against the defendant, wherein he was charged with a misdemeanor, viz., a violation of section 100 of the Penal Law. The indictment alleged that the crime was committed on the 17th day of October, 1915, upwards of eight months subsequent to the finding of the indictment. Defendant was arraigned on the indictment, pleaded not guilty and the indictment was sent to the County Court. The stenographer's minutes of proceedings had before the county judge disclose that on June 28, 1915, the plea of not guilty was withdrawn. Counsel for defendant moved to dismiss the indictment on the ground that the crime charged therein is alleged to have been committed on the 17th day of October, 1915, an imposible date, the same being in the future, and that the indictment does not comply with the provisions of sections 280-284 of the Criminal Code. The motion was denied and an exception granted defendant. Thereupon, defendant interposed a demurrer to the indictment, that the same in manner, form and substance was insufficient in law; that it does not comply with the requirements of sections 275

and 276 of the Code of Criminal Procedure; that the facts stated therein do not constitute a crime, and the indictment contains matter which, if true, would constitute a legal justification or excuse for the acts charged or other legal bar to the prosecution. The demurrer was overruled. The court then permitted the indictment to be amended so as to charge the commission of the crime in 1914 instead of 1915. Defendant refused to plead and judgment was pronounced against him. The judgment and orders of the county judge were affirmed by the Appellate Division. Defendant appeals to this court.

The record in this case contains some inexplainable and contradictory details. Still the question so far as the sufficiency of the indictment, the rulings of the county judge upon the motion made to dismiss the indictment, upon the demurrer, and allowing an amendment to the indictment, sufficiently appear to enable us to pass upon the correctness of the proceedings had therein.

While the precise time at which a crime was committed need not be stated in an indictment, it is essential to the validity of the same that it disclose that the crime was committed before the finding of the indictment by the grand jury. (Code Crim. Proc., §§ 280, 284, subd. 5.)

An indictment which charges a defendant with the commission of a crime anterior to the time of the finding and presentment of the same by the grand jury, or on or about a certain date, the particular time being unknown to the grand jury, would be a valid indictment and upon the trial, the day and date appearing by the evidence, the indictment might then be amended. In the present case the crime was charged as having been committed months subsequent to the finding of the same by the grand jury, an impossible date, and as a matter of law cannot be regarded as charging a crime.

In Indiana the statute provides: "No indictment  *  *  * shall be deemed invalid, nor shall the same be set aside or

quashed * * * for any of the following defects. * * *
*Eighth.* For omitting to state the time at which the offense
was committed in any case in which time is not the essence of
the offense; nor for stating the time imperfectly, unless time is
of the essence of the offense." (§ 1825 Burns, 1901; § 1756,
R. S. 1881.)

The decisions in that State are numerous to the effect that an
indictment like the one at bar is invalid and should be set aside
on motion. (Terrell v. State, 165 Ind. 443; State v. Noland,
29 Ind. 212; State v. Windell, 60 Ind. 300; Murphy v. State,
106 Ind. 96.) The same rule has been applied in Common-
wealth v. Doyle (110 Mass. 103); State v. Smith (108 Iowa,
440.); McGehee v. State (26 Ala. 154.)

It is argued by the district attorney that the amendment
allowed to be made charging that the crime was committed on
the 17th day of February, 1914, instead of the same day, 1915,
was sufficient to uphold the indictment.

At common law the court was powerless to order an indict-
ment to be amended. In this State the statute (Code Crim.
Proc., § 293) provides: " Upon the trial of an indictment, when
a variance between the allegation therein and the proof, in
respect to time, or in the name or description of any place,
person or thing, shall appear, the court may, in its judg-
ment, if the defendant cannot be thereby prejudiced in his de-
fense on the merits, direct the indictment to be amended, accord-
ing to the proof, on such terms as to the postponement of the
trial, to be had before the same or another jury, as the court
may deem reasonable." The sections following refer to an
amendment made upon a trial, indicating clearly the intention
of the legislature to permit amendments when the form of the
indictment is disclosed by the proof upon the trial to be at vari-
ance with the indictment.

In the case at bar the grand jury did not charge the defendant
with the commission of a crime at any time prior to the finding
of the indictment. (Code Crim. Proc., §§ 280, 284, subd. 5.)

Such omission was not one of form but of substance. The county judge, however, sought by an amendment of the indictment to make good an invalid indictment and thus exercise the functions of the grand jury without legal proof that defendant had ever committed a crime, or that he committed a crime on the 17th day of October, 1914. Such practice cannot be sustained. (People v. Bromwich, 200 N. Y. 385, 25 N. Y. Crim. 340; People v. Geyer, 196 N. Y. 364, 24 N. Y. Crim. 74; People v. Trank, 88 App. Div. 294; Ex parte Bain, 121 U. S. 1.)

It follows that as the grand jury did not present an indictment against the defendant setting forth facts sufficient to constitute a crime, and the county judge was in error in amending the indictment by inserting therein a matter of substance which if proven upon the trial would show that the defendant had committed a crime, and as no conviction can be had upon the indictment presented by the grand jury, the judgment and order of the Appellate Division must be reversed and the defendant discharged.

HISCOCK, Ch. J., POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CHASE and CUDDEBACK, JJ., dissent.

Judgment reversed, etc.