THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX SCHWEIZER, Appellant.

County Court, Schoharie County, July 9, 1936.

*Bingham & Johnson,* for the appellant.

*J. Ernest Wharton, District Attorney,* for the respondent.

GOLDING, J. The defendant appeals from his conviction in a Court of Special Sessions of the crime of petit larceny. He was fined $100. The information, in part, is as follows: "that one Max Schweizer, on the 15th to 25th day of September, 1936, at the Amos Scutt farm in the town of Fulton, County of Schoharie, New York, at about four o'clock in the afternoon of that day, did commit the crime of petit larceny in violation of section 1298 of the Penal Law, against the person or property of Amos Scutt, by feloniously, wrongfully, unlawfully, wilfully, maliciously and knowingly taking from the possession of the true owner, a gasolene engine worth in the neighborhood of one hundred dollars."

A reversal of conviction is urged on several grounds. Only one is considered.

The defendant was convicted of petit larceny committed " on the 15th to 25th day of September, 1936." The information was sworn to and filed May 6, 1936. From the information, the offense was committed four months subsequent to its filing. No crime was committed by the defendant on September 6, 1936, as that date had not occurred. While neither an information nor an indictment need show the precise time of the commission of crime, except in certain cases, it should show that the crime was committed prior to the date of filing information or finding an indictment. There is nothing in the return to show this crime was committed on any other date and the defendant did not commit this offense on " September 15th to 25th, 1936," as that date had not occurred.

In the case of *People* v. *Van Every* (222 N. Y. 74) the defendant was indicted February 8, 1915, for a misdemeanor stated to have been committed on October 17, 1915. The County Court, on motion of the district attorney, and against the objection of the defendant, amended the indictment to October 17, 1914. The Appellate Division affirmed his conviction but the Court of Appeals reversed his conviction and held the county judge had no right to amend the indictment and in its opinion stated: " In the present case, the crime was charged as having been committed months subsequent to the finding of the same by the grand jury, an impossible date,

and as a matter of law can not be regarded as charging a crime " (p. 77).

While an information need not be drawn with the same exactness as an indictment, yet it should state facts sufficient to show the crime was committed prior to its filing with the court and the issuing of warrant for defendant's arrest thereon. This information states an impossible date and as a matter of law charges no crime. The court had no jurisdiction and the defendant's pleading guilty to the crime committed on that impossible date has not waived any of his rights. Judgment of conviction should be reversed.

Judgment of conviction is reversed and defendant is discharged and the fine he has paid remitted.