The People of the State of New York, Appellant, *v.* Ernest Easton, Respondent.

Argued May 27, 1954; decided July 14, 1954.

*Robert E. Fischer, District Attorney* (*Frank J. Ondrusek* of counsel), for appellant. The Broome County Court erred in reversing the conviction and ordering the fine to be remitted and the information dismissed. (*People* v. *Belcher,* 302 N. Y. 529; *People* v. *Van Every,* 222 N. Y. 74.)

*Kenneth P. Whiting, Jr.,* for respondent. The information was fatally defective and the reversal of the judgment of conviction and the dismissal of the information by the County Court of Broome County was in all respects proper. (*People* v. *Van Every,* 222 N. Y. 74; *People* v. *Guiley,* 222 N. Y. 548; *People* v. *Schweizer,* 160 Misc. 23; *People* v. *Nuzzo,* 294 N. Y. 227; *People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383.)

FULD, J.  Defendant was arrested on December 17, 1952, charged with driving while intoxicated, and on the same day the arresting officer filed an information against him in the City Court of Binghamton.  When the case came up for trial some time later — on February 9, 1953 — it was discovered that the information recited that the crime was committed on December 17, *1953,* instead of December 17, *1952.*  The district attorney thereupon moved to amend in order to correct the misdating, and the court granted the motion over defendant's objection that the information was " defective as a matter of law."  After a trial, defendant was adjudged guilty, fined $100 and his license revoked.  Upon appeal, however, the conviction was reversed, upon the ground that the information was invalid and not susceptible of amendment.  The appeal is here by permission of a justice of the Appellate Division.

We will not uphold a conviction obtained illegally or without jurisdiction, even though the record evidence stamps defendant plainly guilty.  But to here sustain the reversal of the conviction and hold impermissible an amendment made solely to correct an obvious typographical error in the information — a date not yet come — would be to exalt form over substance, to enthrone technicality purely for its own sake.  The police officer who had made the arrest and signed the information was in court at the time the amendment was sought and actually testified against defendant.  Had that officer then and there sworn to a new information — with the year correctly given as 1952 — no valid objection could have been raised, for defendant had ample notice of the crime charged, and, as his attorney acknowledged, the correction of the date occasioned him no surprise or prejudice.  Under the circumstances of this case, what could have been effected by the preparation of a new information was properly accomplished by amendment of the one already on file.  There was neither reason nor necessity for another piece of paper.

Decisions dealing with indictments (*People* v. *Van Every,* 222 N. Y. 74; *People* v. *Guiley,* 222 N. Y. 548) are entirely inapposite, and defendant's reliance upon them misplaced.  Whatever the rule with respect to amending an indictment which charges a crime as having been committed subsequent to its

presentment by the grand jury, the considerations there controlling, the considerations which there gave rise to the rule, are not present in the case of an information. An indictment requires the action and intervention of a grand jury. There is no substitute for that body, and a court may not, by seeking to effect an amendment of a substantial character, " make good an invalid indictment and thus exercise the functions of the grand jury.". (*People* v. *Van Every, supra,* 222 N. Y. 74, 78.)

The very reason for that rule, however, indicates the inappropriateness of applying it where the People seek to amend an information filed in the City Court of Binghamton. In such a case, there is no need for action by a grand jury and no requirement that any particular body or agency present or vote the information. Since there can, therefore, be no question of the court's usurping the function of the grand jury, no reason exists for invoking the rule barring such a usurpation, and no purpose is to be served by so doing. Accordingly, as has elsewhere been held, a court has the power to amend an information even though the amendment may affect a matter of substance. (See, e.g., *State* v. *Pritchard,* 35 Conn. 319, 326; *State* v. *Jensen,* 83 Utah 452, 454–455; *State* v. *Barrell,* 75 Vt. 202, 204; see, also, 1 Wharton on Criminal Procedure [10th ed., 1918], §§ 128, 132.) Illuminating is this statement from the old English case of *Rex* v. *Wilkes* (4 Burr. 2527, 2569) quoted with approval by the United States Supreme Court in *Ex Parte Bain* (121 U. S. 1, 6) : " There is a great difference between amending *indictments,* and amending *informations.* Indictments are found upon the oaths of a jury; and ought only to be amended by themselves : but informations are as declarations in the king's suit. An officer of the Crown has the right of framing them originally; and may, with leave, amend, in like manner as any plaintiff may do."

Since, then, there was power to permit the amendment, and no question being raised as to defendant's guilt, the order of the county court should be reversed and the judgment of the city court reinstated.

DYE, J. (dissenting). The People appeal by permission from an order of the County Court, Broome County (BRINK, J.), which reversed the judgment of conviction of the City Court of

the City of Binghamton entered on a jury verdict finding defendant guilty of the crime of driving while intoxicated (Vehicle and Traffic Law, § 70, subd. 5).

The sole question presented is whether the trial court erred in granting the People's motion to amend the information by substituting *December 17, 1952,* as the date of the commission of the crime for and instead of *December 17, 1953,* the date set forth in the written information. The amendment was granted over objection by defendant's counsel and exception noted.

Apparently we have not previously considered this precise question, although it has long been our rule that an indictment charging the commission of the crime *subsequent* to the finding of the same by the Grand Jury may not be amended. The rationale is that a date charging the commission of the crime " months subsequent to the finding of the same by the grand jury [is] an impossible date, and as matter of law cannot be regarded as charging a crime ". " Such omission " — to charge the defendant with the commission of the crime prior to the finding of the indictment — is " not one of form but of substance." (*People* v. *Van Every,* 222 N. Y. 74, 77–78.) In other words, an amendment as to date of the commission of the crime from a date *subsequent* to the date of the indictment to a date *prior* thereto goes to the very substance of the charge by making valid that which was otherwise invalid as a matter of law. Such holding has been consistently followed (*People* v. *Guiley,* 222 N. Y. 548; *People* v. *Schweizer,* 160 Misc. 23).

When the converse situation arises an amendment is permitted to correct a wrong antecedent date for although it may be wrong, the charge designates a crime that could have been committed. In such a situation the date relates to form and not to substance unless " time is a material ingredient in the crime " (Code Crim. Pro., § 280; *People* v. *Van Every, supra*).

This distinction is equally applicable to the amendment of an information. True it is in its inception, an information is not attended by the same formalities as the finding of an indictment by a grand jury and is not subject to the disability occasioned by the discharge of the grand jury. Nonetheless, in point of law, there is no distinction between an indictment and an information

as to the statement of facts sufficient to constitute a crime. When the alleged date of the commission of the crime is subsequent to the date of the information as a matter of law, no crime is charged. To grant an amendment thereof so· as to vitalize and make valid an otherwise sterile and legally invalid charge would deprive an accused of a very material and substantial right. He is entitled to make his plea and go to trial on the crime as charged in the information and if, as a matter of law, no crime be charged, he is entitled to a dismissal (cf. *People* v. *Zambounis,* 251 N. Y. 94).

There is a vast difference between allowing an amendment for purposes of particularization and clarification of the allegation of the crime charged and an amendment which has the effect of changing the charge which states no crime into one that does (*People* v. *Van Every, supra*). To disallow an amendment for such purpose is not exalting form over substance but rather is substance itself — affording as it does, an opportunity to an accused, which is his right — to be informed of the crime with which he is charged — not some other crime as to which he may be subsequently informed at the convenience of the People (*People* v. *Jacoby,* 304 N. Y. 33). To adopt any other rule would be to encourage laxity and carelessness on the part of persons representing the People, to the substantial prejudice of an accused.

The order of the County Court of Broome County reversing the judgment of conviction, dismissing the information and directing that the fine of $100 be remitted should be affirmed.

Lewis, Ch. J., Conway, Desmond and Van Voorhis, JJ., concur with Fuld, J.; Dye, J., dissents in an opinion in which Froessel, J., concurs.

Order reversed, etc.