Robert E. Dempsey, J.
Defendant moves to dismiss the indictment against him. The indictment was handed down by the Grand Jury on May 20, 1965. It alleges the commission of a crime on May 24, 1965 (four days after the indictment). Defendant applied for and received youthful offender treatment without pleading to the indictment, although this is not germane to the instant motion. The reply affidavit of the People consists in urging a typographical error and states that the date of the commission of the criminal act was April 24, 1965.
Although section 293 of the Code of Criminal Procedure was proclaimed as preventing technical defenses to an indictment not affecting the merits (People v. Clark, 14 N. Y. S. 642 [1891]) (and it would seem that a typographical error of this nature can only be technical), this does not seem to be the present law in our State as applied to the facts presented in the instant ease. Wharton’s Criminal Law and Procedure (vol. 4, p. 735) still cites People v. Van Every (222 N. Y. 74) as the accepted legal principle that an indictment or information is fatally defective when it charges the commission of the offense subsequent to that of the indictment, or on a date otherwise impossible and states that such defect is one of substance and not of form and is beyond the power of amendment by the court. Though this is the view in our State as far as indictments are concerned, our Court of Appeals peeled away that rationale in cases of informations in People v. Easton (307 N. Y. 336). In this case the court drew a sharp line of demarcation between informations and indictments in the field of error, but reaffirmed People v. Van Every (supra) in announcing that “An indictment requires the action and intervention of a grand jury. There is no substitute for that body, and a court may not, by seeking to effect an amendment of a substantial character, ‘ make good an invalid indictment and thus exercise the functions of the grand jury’” (p. 339). In the Easton case (supra) the information alleged December, 1953 instead of December, 1952 as the month of the crime. Permitting amendment on the trial to correct the date was approved in the court on the basis that an information does not require Grand Jury action. Other cases depict judicial sanction of amendments of improper dates where the amended date was to a point of time before the indictment was voted. (People ex rel. Russo v. Jackson, 7 A D 2d 672; People v. Hamm, 5 A D 2d 696; People v. Geyer, 196 N. Y. 364; cf. People v. Hooter, 282 App. Div. 398, on an amend *301 ment on trial considered too substantial to be sanctioned.)
Confronted then by this impressive array of law, this court has to conclude that it has no power to grant an amendment to rectify this typographical error and accordingly grants the motion to dismiss.
There is no merit to the argument that in a process of transmutation to youthful offender treatment, the defective indictment is somehow dissolved. (People v. Brower, 16 Misc 2d 293.)