Scileppi, J. (dissenting).
The question presented on this appeal is whether the violation of harassment (Penal Law, § 240.25) constitutes a lesser included offense in the crime of assault in the third degree (Penal Law, § 120.00) for the purpose of conviction by verdict. The majority, by affirming, answers, for all time, this question in the negative. Since it is my view that the answer should be in the affirmative, I dissent and vote to reverse the order appealed from. Inasmuch as the Appellate Term did not pass upon the facts, I would also remand for further factual determinations.
On January 23, 1968 an information was filed charging defendant, Donald Moyer, with assault in the third degree under section 120.00 of the Penal Law, which provides that “A person is guilty of assault in the third degree when * «= # "With intent to cause physical injury to another person, he causes such injury to such person ’ ’. The information described defendant’s conduct in the following manner: “Defendant did with intent to cause physical injury to deponent without just cause or provocation strike and hit deponent about the body with his fists then grasping deponent from behind with his arms It was established at jury trial that the complainant was a police officer who was punched by defendant while the officer was in the process of getting information for a parking summons and that defendant also wrapped his arms around the officer’s chest necessitating the assistance *256 of another police officer. During the People’s case the information was amended over objection to read “ that the defendant did cause physical injury to the complainant ”[1] and the court, again over objection, charged the jury that if they found no real physical injury to the police officer, they might adjudge defendant guilty of the lesser offense of harassment. Defendant was, thereafter, convicted of harassment and on appeal, the Appellate Term reversed the conviction on the ground that it was reversible error for the trial court to instruct that harassment was a lesser included offense.
Section 240.25 of the Penal Law defines the violation of harassment in the following manner: “ A person is guilty of harassment when, with intent to harass, annoy or alarm another person * * * He strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same ”, The underlying premise of the majority’s view is that where an individual intends to cause physical injury to another (assault) he simply need not intend to harass, annoy or alarm his victim (harassment). They, therefore, conclude that harassment is not a lesser included offense. Such a notion ignores reality. It is my view that, except in the rare case, acts intended to cause physical injury must include by necessary implication an intent to harass, alarm or annoy the person sought to be injured. In other words, both the harassment and assault statutes are directed toward essentially the same conduct and practically speaking it is impossible to commit one without committing or attempting to commit the other. For example, in the classic case of the student who places a tack on the seat of his teacher’s chair, there would be no question but that the intent to cause physical injury to the teacher, would also encompass an intent to harass, annoy or alarm her.
Similarly, where one throws a firecracker at a police officer to prevent him from issuing a summons, there would be no doubt that the firecracker was thrown with the intent to cause physical injury and to harass. The instant case is no different. When the defendant intending to cause physical injury, punched the police officer, he necessarily intended to harass, alarm or annoy *257 him thereby interfering with the performance of his duties. The mere fact that defendant was not successful in inflicting serious injuries on his victim, does not negate an intent to harass him. Thus, it is my view that it was entirely proper for the trial court to charge that harassment was a lesser included offense.[2]
Nor can support for the majority’s position be found in section 220.20 of the new Criminal Procedure Law (eff. Sept. 1, 1971). That section provides that for the purpose of guilty pleas lesser included offenses are those which meet the requirements of section 1.20 (subd. 37) and those “deemed to be such pursuant to the following rules: * * *
“ (f) Where the crime charged is assault or attempted assault, in any degree, allegedly committed by intentionally causing or attempting to cause physical injury to a person by the immediate use of physical force against him, or where the crime charged is menacing, as defined in section 120.15 of the penal law, the offense of harassment, as defined in subdivision one of section 240.25 of the penal law, is deemed to constitute a lesser included offense”. I do not think that section 220.20 requires the conclusion that harassment is only to be deemed a lesser included offense in plea situations. Subdivision 2 of section 220.20 specifically provides that the rules enunciated in 220.20 (subd. 1) apply only in plea situations and that for the purpose of convictions by verdict “ an offense constitutes a lesser included one only when it conforms to the definition of that term contained in subdivision thirty-seven of section 1.20 ”. Inasmuch as section 1.20 (subd. 37) merely provides that “ [w]hen it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘ lesser included offense ’ ”, it is my view that even under the new Criminal Procedure Law, we will still be free to apply our traditional rules (see, e.g., People v. Mussenden, 308 N. Y. 558) in determining whether or not in a verdict *258 situation one offense can be a lesser included offense in another. Since, as I have indicated, it is impossible to commit an act of assault, third degree, without committing harassment, I am unable to agree with the argument advanced that had the instant case come up under the new Criminal Procedure Law, an affirmance would be mandated.
Finally, I would only add that it is in the broad public interest and in the interest of the defendant as well, for juries to retain their traditional power to convict for lesser included offenses.
Accordingly, the order appealed from should be reversed and the matter remanded to the Appellate Term, Second Department, for further proceedings with respect to any undetermined issues of fact in that court.
Judges Burke, Bergan and Gibson concur with Chief Judge Fuld ; Judge Scileppi dissents and votes to reverse in a separate opinion in which Judges Breitel and Jasen concur.
Order affirmed.

. Though the Appellate Term was silent as to the propriety of the amendment of the information, we have all agreed that the amendment was entirely proper (see People v. Easton, 307 N. Y. 336).

. I would merely note that the Legislature has recently broadened the concept of what constitutes the crime of assault, for the purpose of Family Court jurisdiction, as including harassment and reckless endangerment (Family Ct. Act, § 812; see People v. Nuernberger, 25 N Y 2d 179 [opn. of Fuld, Ch. J., and Bergan, J., dissenting in part at 183]).