Edward S. Lehtol, J.
The People move for an order amending the indictment pursuant to the provisions of CPL 200.70.
The indictment contains three counts. The first count accuses the defendant of the crime of attempted murder, a Class B felony. The People seek to amend this count by adding the words ‘ ‘ a police officer in the course of performing his official duties ” after the name of the victim. This would in effect convert the crime to a Class A felony. No amendment is sought for the other counts in the indictment.
Subdivision 1 of CPL 200.7(1 provides: “ At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant *86 on the merits. Upon permitting such an amendment, the court must, upon application of the defendant, order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense”.
This section restates in a large measure the provisions of former section 293 of the Code of Criminal Procedure. The new section makes clear that the court may order an amendment before or during a trial (McKinney’s Cons. Laws of 1ST. Y., Book 11-A, CPL 200.70, Practice Commentary, p. 280) if the amendment relates to (1) matters of form; (2) time; (3) place; (4) names of persons and the like, and will not change the' theory of the prosecution or otherwise tend to prejudice the defendant on the merits (People v. Ercole, 308 N. Y. 425, 431; People v. Kuehn, 5 A D 2d 516; People v. Geyer, 196 N. Y. 364, 368-369; CPL 200.70, subd. 1).
The People seek to amend the overt act numbered 1 to state that “ the defendant on or about October 19, 1971, in the County of Kings, with intent tri cause the death of Raymond pierce, a police officer in the course of performing his official duties ”, instead of that “ the defendant on or about October 19, 1971, in the County of Kings, with intent to cause the death of Raymond pierce”. The crime charged as recited in the present indictment is a Class B felony (Penal Law, § 110.05, subd. 2). The addition of the words “a police officer in the course of performing his official duties ” is an essential element of the crime to bring it within subdivision 1 of section 110.05 of the Penal Law, a Class A felony.
The People assert that such amendment does not changó the theory or theories of the prosecution or otherwise tend to prejudice the defendant on the merits. However the defendant strenuously opposes the application claiming that to permit the proposed amendment would be highly prejudicial to him, by charging him with a crime much greater than that charged by the G-rand Jury.
Amendments to an indictment which in effect change the nature or grade of the offense charged, go to the substance of the indictment and cannot be made or ordered by the court (Commonwealth v. Snow, 269 Mass. 598). In reversing an order which permitted the amendment of an indictment of the crime charged from petit larceny to grand larceny second degree, the court in People v. Poucher (30 Hun 576, 578, app. dsmd. 99 N. Y. 610) stated: “If the amendment had not been allowed, the grade of the offense would have been that pf pptit *87 larceny; with the amendment allowed, the general verdict established an offense of the grade of grand larceny in the second degree ” (emphasis supplied); and in People v. Geyer (196 N.Y. 364, 367) the court stated, “ and was not the purpose of the legislature to attempt to authorize the trial court by amendment to change the substantial elements and nature of the crime charged and in effect substitute a new indictment in place of the one found by the grand jury”.
In Wharton’s Criminal Law & Procedure (vol. 4, § 1760, p. 553), it is stated: “Every material fact and essential ingredient of the offense, every essential element of the offense, must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must bé stated in the indictment. Whether at common law or under statute, the accusation must include a characterization of the crime and such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation, and the description of the offense must be sufficiently full and complete to accord to the accused his constitutional right to due process of law ”.
The indictment fully complies with the above requirements in charging the defendant with material facts and essential ingredients to make count 1 a Class B felony. It does not allege the material fact and essential ingredient required to make the charge a Class A felony. To permit such amendment by the court would in effect increase the grade of the crime, and clearly prejudice the defendant. Accordingly, thq motion to amend the indictment is denied.