OPINION OF THE COURT
Vincent E. Doyle, J.
The prosecution has moved for an order pursuant to CPL 200.70 amending the indictment with respect to the date of the alleged crime. The defendant opposes this motion and cross-moves for an order pursuant to CPL 210.20 and 210.40 dismissing the indictment on the grounds that (1) it is defective, (2) the way in which the Grand Jury proceedings were conducted was prejudicial to the rights of the defendant, and (3) such dismissal is required in the furtherance of justice.
On April 16,1982, the defendant was indicted for driving while intoxicated in violation of subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law as felonies (see Vehicle and Traffic Law, § 1192, subd 5), and one count of speeding in violation of subdivision b of section 1180 of the Vehicle and Traffic Law. The defendant was arraigned on these charges on April 30, 1982. The indictment specifies that all three offenses occurred on December 14, 1982.
The People request to amend the date of the commission of the crimes to December 14, 1981. The prosecution urges that the proposed amendment does not constitute a change *570 in theory nor will the defendant be prejudiced by it. The defendant counters that because the instant indictment alleges a commission date which is still in the future, and because an indictment 'must disclose that a crime has been committed upon a date before the date of the indictment, the defect may not be corrected through amendment. He relies upon People v Van Every (222 NY 74), as authority for his position.
The Court of Appeals, in Van Every (supra), held that an indictment which charged a defendant with having committed a crime on a date subsequent to the date of the indictment, was fatally defective and could not be amended by the court (cf. People v Easton, 307 NY 336, amendment of an information which charged a defendant with having committed a crime on a date subsequent to the date of the information was allowed). The Court of Appeals relied, in making its decision, upon section 280 and subdivision 5 of section 284 of the Code of Criminal Procedure, the predecessor statute to the Criminal Procedure Law, and the fact that the trial court, by amending the indictment, had assumed the function of a Grand Jury (People v Van Every, supra, at p 78).
The question that is presented here is whether the determination in Van Every is still applicable following the enactment of the Criminal Procedure Law (L 1970, ch 996, § 1) and the repeal of the Code of Criminal Procedure.
Section 280 of the Code of Criminal Procedure stated: “The precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the crime.” (Emphasis added.)
Subdivision 5 of section 284, of the Code, also stated: “The indictment is sufficient, if it can be understood therefrom * * * [t]hat the crime was committed at some time prior to the finding of the indictment.” (Emphasis added.)
These provisions were substantially changed in 1971 and became the basis for CPL 200.50 (subd 6). CPL 200.50 (subd 6) now requires that the indictment contain “[a] statement in each count that the offense charged therein *571 was committed on, or on or about, a designated date, or during a designated period of time”. The code’s statutory mandate that the alleged commission date be before the indictment date, no longer appears in the Criminal Procedure Law. Obviously, this disappearance does not mean a Grand Jury may lawfully indict a person solely upon speculation that he or she may commit a crime in the future. It does mean, however, that so long as the Grand Jury was presented with evidence which showed the defendant had already committed a crime upon a certain date or during a certain time period, a mere typographical error in the indictment, which causes the alleged commission date to redd as though the crime was committed sometime after the indictment date, will no longer rise to the level of a fatal, substantive defect. In addition, under CPL 190.75, a charge which is dismissed may be resubmitted, with the court’s permission, to a Grand Jury. Thus, even if Van Every (supra) was controlling, and this court denied the prosecution’s motion to amend the present indictment, the prosecution could still apply for leave to resubmit the charges (see CPL 30.10, subd 2, par b) and, if granted, the Grand Jury could still indict the defendant. This new indictment presumably would contain the correct commission date.
The evidence presented to the Grand Jury herein concerned the defendant’s alleged criminal activities on the date of December 14, 1981. The proposed amendment, therefore, would not change the theory or theories of the prosecution as reflected in the evidence before the Grand Jury which filed the indictment, and does not otherwise tend to prejudice the defendant.
Accordingly, the prosecution’s motion is granted, and the corresponding portion of the defendant’s cross motion is denied.