*163 OPINION OF THE COURT
William C. Donnino, J.
The issue presented by a motion to set aside a verdict of murder in the second degree is whether the court, over the objection of the defendant, properly granted the District Attorney’s application to amend the indictment to correct a typographical error in the date of the crime charged in each count in the indictment. The amendment was properly made.
On December 23, 1992, the Grand Jury voted a true bill against the defendant for a murder committed on December 7, 1992. On January 13, 1993, the indictment was filed. More than two years later, during the trial, it was uncovered that the date specified for the crimes charged in the indictment stated, as a result of a typographical error, December 7, 1993, rather than December 7, 1992. That erroneous date was upwards of a year beyond the date of the finding of the indictment.
The evidence before the Grand Jury (and at trial) demonstrates that the date of the crime was December 7, 1992, not 1993. All the discovery material recorded the date of the crime as December 7, 1992. The omnibus motion, including a motion to inspect the evidence before the Grand Jury, was decided in early 1993 and the typographical error was not then discovered. The trial court was assigned the case in 1994, and the trial commenced in 1995. The defense proceeded to trial on the understanding that the date of the crime charged was December 7, 1992. Prior to summations, the trial court informed the parties that in preparing the charge for the jury it had discovered the typographical error in the indictment. The People moved to amend the indictment. The defendant objected but stated no basis for that objection and claimed no prejudice from the typographical error. The court effectively granted the amendment, but indicated that it was prepared to review that decision should a verdict of guilty be rendered. On June 2, 1995, the jury rendered a verdict of guilty for murder in the second degree, and criminal possession of a weapon in the second and third degrees. The defendant thereafter moved to set aside the verdict on the grounds that the typographical error in the indictment was a jurisdictional error that was not subject to amendment, relying principally on People v Van Every (222 NY 74 [1917]).
The New York Constitution dictates prosecution by presentation before a Grand Jury and the filing of an indictment by *164 that body, unless such presentation is waived by a defendant who is not charged with a crime punishable by death or life imprisonment. (See, NY Const, art I, § 6; People v Boston, 75 NY2d 585 [1990]; Matter of Simonson v Cahn, 27 NY2d 1 [1970].) As a result, the Legislature’s ability to enact statutes that alter or amend indictments is necessarily limited by whether such modifications are in violation of that constitutional mandate. The Constitution itself does not provide for a procedure to amend an indictment. In fact, prior to the adoption of the Code of Criminal Procedure in 1881 by the Legislature, the common law generally precluded an amendment of an indictment. (See, People v Ercole, 308 NY 425, 430 [1955].)
With the adoption of the Code of Criminal Procedure in 1881, the Legislature finally decided that indictments could in fact be amended, but only during trial in instances where there was a "variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing” (Code Crim Pro § 293.) The statute was narrowly drafted to preclude material alterations to an indictment and, ultimately, to avoid any infringement upon a defendant’s constitutional right to be brought to trial on an indictment of a Grand Jury. (See, People v Johnson, 104 NY 213, 216 [1887].)
The courts, conscious of the Legislature’s limited power to circumvent the constitutional requirement, strictly interpreted the provisions of Code of Criminal Procedure § 293. (See, People v Ercole, supra, at 430-431; People v Miles, 289 NY 360, 362 [1942].) Amendments were permissible to correct errors in indictments which misnamed property, owners, or victims. (See, People v Lamm, 292 NY 224 [1944]; People v Geyer, 196 NY 364 [1909].) But, an indictment could not be amended to change the identity of the crime. (People v Geyer, supra, at 367-368.) In the words of Geyer, "it could not have been and was not the purpose of the legislature to attempt to authorize the trial court by amendment to change the substantial elements and nature of the crime charged and in effect substitute a new indictment in the place of the one found by the grand jury.” (Supra, at 367; Code Crim Pro § 293.)
Perhaps epitomizing the strictness of the common-law prohibition on amendment of an indictment was the ruling of People v Van Every (222 NY 74 [1917], supra). Van Every was indicted for a misdemeanor and the date of the crime was more than eight months subsequent to the finding of the indictment. In a *165 proceeding unique to that era, the defendant moved to dismiss, and interposed a "demurrer” to, the indictment based on that error; the trial court denied the motion to dismiss and overruled the demurrer and ordered the date amended to reflect the correct date of the crime; the defendant in accord with a then existing statute refused to enter a plea, and, therefore, by that statute (Code Grim Pro § 330), "judgement” was pronounced against him without further proceedings. On defendant’s appeal from that judgment, the Court of Appeals found that the" amendment was not authorized and thus reversed and set aside the indictment.[1]
Van Every’s analysis began with a recognition of the then statutory prescription that an indictment was valid only if it charged a crime which stated the date of the crime as being prior to the finding of the indictment. (Code Crim Pro §§ 280,[2] 284 [5].)[3] On that statutory premise, Van Every held that an indictment that charged a crime alleged to have taken place on a date subsequent to the filing of the indictment did not charge a crime, that accordingly the omission in the indictment of a date for the crime prior to filing the indictment was not one of form but of substance, and that by the amendment the Judge sought to "exercise the functions of the grand jury without legal proof that defendant had ever committed a crime, or that he committed a crime on the [amended date]. Such practice cannot be sustained.” (People v Van Every, supra, 222 NY, at 78.)[4]
While the common law clearly prohibited such amendments, at the time Van Every (supra) was decided the Legislature had passed a statute specifically and expressly permitting, at least during trial, an amendment of an error in respect to "time”, *166 without any express language precluding such amendments where the date was subsequent to the finding of the indictment. It is not entirely clear whether Van Every would have permitted the amendment had Van Every gone to trial and the proof at trial supported the amendment. On the one hand, Van Every’s statement that the error was not one of form but of substance implied that the amendment would not even have been permitted at the trial upon the proper proof. On the other hand, Van Every’s statement that the amendment was made without legal proof that defendant had ever committed a crime, or that he committed a crime on the amended date, left open the argument that such proof before the Grand Jury[5] and at trial would have sufficed to allow the amendment.
Regardless of how Van Every (supra) is read in that respect, the critical statutory premise of the Van Every case was eliminated on enactment of the Criminal Procedure Law, and Van Every should therefore not control the outcome of this case.
The CPL repealed the Code provisions that expressly required that the form of the indictment specify a date of the crime charged at any time prior to the filing of the indictment. That repeal was not inadvertent; it was deliberate.
In the first draft of the Criminal Procedure Law’s provisions on the form and content of the indictment (currently CPL 200.50), the former Code of Criminal Procedure’s language requiring the date to be prior to the finding of the indictment was included. (See, Proposed NY Criminal Procedure Law then § 100.10 [5], at 171 [Edward Thomson Co. 1967] ["An indictment must contain * * * (5) A statement that such crime was committed on, or on or about, a particular date or period of time prior to the finding of the indictment”].) Thereafter, the words requiring the date to be "prior to the finding of the indictment” were omitted from the subsequent drafts and the final version of CPL 200.50 (6). The drafters, who have long been recognized as learned experts in the criminal law of New York, were undoubtedly familiar with Van Every (supra) and the Legislature must be presumed to have known the decision when these critical words were omitted from the revised law.
The impact of the now repealed Code provisions affirmatively mandating the limits as to time beyond which a count of the indictment otherwise charging a crime was not valid cannot be *167 underestimated in the thinking of the Van Every Court and in the development of the case law doctrine about amendments of time under the Code of Criminal Procedure. (See, e.g., People v Jackson, 111 NY 362, 369 [1888] [citing in support of the holding both repealed Code provisions]; People v La Marca, 3 NY2d 452, 459 [1957] [citing one of the two repealed Code provisions].)[6]
In lieu of the repealed Code language, the CPL in the section specifying the "form and content” of an indictment specified: "[A]n indictment must contain * * * (6) A statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time” (CPL 200.50). No longer did the statutory law of New York mandate that the date stated be prior to the finding of the indictment. Sure, common sense tells us that the date of the charged crime must be prior to the date of the finding of the indictment. But, the deliberate omission of that requirement in the CPL’s express statutory definition of the form of the indictment (contrary to that provision in the Code of Criminal Procedure) can fairly and reasonably be said to have signaled a legislative intent to minimize the significance of an error in the specification of the date of the crime charged, making the error one of form, not substance. In other words, a crime is charged by a count in an indictment that specifies the factual elements of the crime and that specifies that the "offense charged therein was committed on, or on or about, a designated date,” regardless of whether there is an error in the specification of the date. (CPL 200.50 [6].)
In light of the change in the governing statutory form of the indictment, the argument that, nonetheless, an erroneous "future” date must be read to mean that the crime charged could not then have taken place and thus the indictment is not valid and amendable because it does not state a crime disappears. For a "valid” indictment, the CPL now only requires "a” date, not a date specifically "prior to” the filing of the indictment. That statutory change in the form of a valid indictment, has freed the courts from having to make the extraneous analysis of the date in the indictment to determine whether the crime could have taken place on the erroneously supplied date. Indeed, when not otherwise bound by the tradition of the *168 common law or statute, the Court of Appeals has permitted an amendment of an information’s date even where the date is subsequent to the filing of the information. (People v Eason, supra.)[7]
Coupled with the repeal of the Code’s statutes requiring the indictment date to be prior to the finding of the indictment was a less significant but notable addition to the statute permitting an amendment with respect to time (CPL 200.70); the addition simply required in effect that there be proof at least before the Grand Jury to support the amendment; such proof was found wanting in Van Every (222 NY 74, supra).[8] Of course, CPL 200.70, as with its ancestral Code provision, continued to permit expressly an amendment of an error with respect to time without any express language precluding such an amendment where the erroneous date was subsequent to the finding of the indictment.
Thus, it is true that even in the absence of the Code provisions, an indictment must ultimately charge that the crime took place on or before the date of the finding of the indictment. But, the omission of that requirement in the express statutory definition of what constitutes a valid indictment has downgraded the significance of a typographical error that results in the date being one that is not prior to the finding of the indictment, and, thereby, permits the operative language of CPL 200.70 (allowing an amendment of an indictment with respect to any error in "time”) to permit an amendment of that date to the correct date. (Cf., People v Hernandez, 82 NY2d 309 [1993] [there, the revised Penal Law’s definition of felony murder was held to have overruled a Court of Appeals interpretation of the former statute even though the Staff Comments of the Commission on the Revision of Penal Law listed the revisions wrought by the new statute and made no mention of an intent to overrule the then fairly recently decided Court of Appeals case, and even though the Legislature was *169 otherwise silent on whether it intended by the revised statute to overrule the case].)[9]
In the words of another court: "[0]bviously, this disappearance [of the statutory requirement that the date of the indictment be prior to the finding of the indictment] does not mean a Grand Jury may lawfully indict a person solely upon speculation that he or she may commit a crime in the future. It does mean, however, that so long as the Grand Jury was presented with evidence which showed the defendant had already committed a crime upon a certain date or during a certain time period, a mere typographical error in the indictment, which causes the alleged commission date to read as though the crime was committed sometime after the indictment date, will no longer rise to the level of a fatal, substantive defect.” (People v Amodio, 115 Misc 2d 569, 571 [Sup Ct, Erie County 1982] [Doyle, J.].)
That ruling advances the legislative design in the revision of the applicable Code provisions, namely, that a "rational pleading system must authorize the rectifying of mistakes when no substantial rights are infringed.” (See, Staff Comment, Proposed NY Criminal Procedure Law § 100.60 [now CPL 200.70], at 177 [Edward Thomson Co 1967].) The type of error in this case is thus precisely what that revised legislation was aimed at.
While Van Every (supra) therefore appears to this court to be distinguishable and no longer controlling, in 1994, the Court of Appeals in dictum in People v Perez (83 NY2d 269 [1994]) appeared to reaffirm the continuing validity of Van Every.
Perez (supra) held that a trial court had no authority, pursuant to CPL 200.70, to add a charge to an indictment that was voted by the Grand Jury but inadvertently left out of an indictment. In that instance, the indictment plainly did not state the crime; there had been no statutory changes that permitted that omission not to be read as the failure to state a crime,[10] and CPL 200.70, which carried forward the law prohibiting an amendment to cure the failure of a count to state a crime, *170 therefore plainly prohibited the amendment. (See also, People v Jackson, 153 Misc 2d 270 [Sup Ct, Bronx County 1991] [Donnino, J.].)
The importance of Perez (supra) to the issue before this court is that, in Perez, the Court of Appeals in dictum endorsed the holding of Van Every (supra) by using that holding to argue against a position of the People: "The People’s reading of the statute would lead to anomalous results. For instance, the prosecution would be barred from fixing a typographical error that caused a count in the indictment to state that the crime took place in a future year (People v Van Every, 222 NY 74, supra), but allowed to amend the indictment if no count had been stated at all.” (People v Perez, supra, 83 NY2d, at 275.)
Van Every (supra) was pertinent to Perez (supra) in its analysis of the common law and its conclusion that an amendment of an indictment was improper if the amendment proposed to cure what a court had to find on the basis of common law or statute was the failure to state a crime. But the continued validity of the holding in Van Every to the particular error in the indictment in Van Every was not directly in issue in Perez and there is accordingly no discussion in Perez of whether the change in the law as to what constitutes a valid indictment permitted the Court of Appeals not to view an erroneous "future” date as the failure to charge a crime.
At the same time, the holding of Perez (supra) does not depend on sustaining the continuing validity of Van Every (supra). With respect to the failure to include a charge in an indictment, it is plain in that instance that no crime is charged, and that the amending statute (CPL 200.70) does not expressly permit such amendments (as it does with respect to errors of time), and that in fact that statute, which has not in any way changed as to that omission, prohibits the District Attorney from having a charge added to the indictment. Nor is there an anomaly in permitting a trial court to cure a typographical error in the date of a charged crime that fully appears in the indictment and does there specify all the factual elements of the crime charged, and not permitting a trial court, in the absence of a particular charged crime, to add that charge to the indictment.
Since Perez’s use of Van Every’s holding on the foregoing analysis was dictum, it is understandably not controlling precedent on whether the holding of Van Every (supra) here directly in issue continues to be valid. (See, Dougherty v Equitable Life Assur. Socy., 266 NY 71, 88 [1934] ["No opinion is an *171 authority beyond the point actually decided”]; Colonial City Traction Co. v Kingston City R. R. Co., 154 NY 493, 495 [1897] ["If, as sometimes happens, broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion and not the decision of the court”]; People v Bourne, 139 AD2d 210, 216 [1st Dept 1988] ["A case, therefore, is precedent only as to those questions presented, considered and squarely decided”].) Every common-law court appreciates and understands that matters not placed directly in issue and accordingly not subject to that special scrutiny of the adversary process are open to reexamination when placed directly in issue.
The law should be the handmaiden of justice; unfortunately, that is not always so. Justice is served, not offended, by permitting the instant amendment of the typographical error as to the date. The defendant never noticed the error, was not misled[11] or prejudiced in any way by the error;[12] the jury heard the evidence as to the correct date, and the charge to the jury recited the correct date as established by the evidence both in the Grand Jury and at trial. The common law has been long faulted for its formalistic pleading requirements that did not promote justice, and long praised for the fine distinctions it could make to promote justice. There has been a sufficient change in the statutory law of New York as to the question here presented to permit a principled, rational, current interpretation of the law that is more consistent with fairness and justice. The defendant’s motion is accordingly denied.

. By contrast, years later, the Court of Appeals permitted such amendments of an information, distinguishing Van Every (supra) essentially on the grounds that an indictment, unlike the information, required the action of a Grand Jury. (See, People v Easton, 307 NY 336, 338 [1954].)

. Code of Criminal Procedure § 280 read as follows: "The precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the crime.”

. Code of Criminal Procedure § 284, the direct ancestor of the current CPL 200.50, read in subdivision (5) thereof as follows: "The indictment is sufficient, if it can be understood therefrom * * * (5) That the crime was committed at some time prior to the finding of the indictment.”

. Inspection of the evidence before the Grand Jury was not then pro forma, as it is today, and as already noted, Van Every (supra) had not proceeded to trial and accordingly no proof had been adduced as to the correct date of the commission of the crime.

. Code of Criminal Procedure § 293, unlike the current CPL 200.70, did not require that the proof before the Grand Jury support the amendment.

. Under that rule, even amendments changing the charge date to a date in the future of that date were permitted provided the amended date occurred prior to the finding of the indictment. (E.g., People v Krank, 110 NY 488, 492 [1888].)

. Even as to indictments, the Court of Appeals would presumably under the current rule permit an amendment of an erroneous date that preceded the enactment of the statute establishing the crime since that date would also be prior to the finding of the indictment.

. The significant amendment to that statute, though not relevant to the present issue, was the authorization to make the amendment of the indictment before trial as well as during trial.

. To be sure, not every nuance of the monumental revision in the statutory language of the penal or criminal procedure laws was expressly set forth in the Staff Comments of the Commission or in other legislative documents.

. An example of a statute that would have permitted that omission from not being read as the failure to state a crime is one that recognized a vote of the Grand Jury to indict for a crime as constituting the charging of the crime even though it did not appear in the indictment.

. Ironically, a defendant has a greater chance of being misled by an error in a date that is prior to the finding of the indictment than a date that is subsequent to the finding of the indictment, for the very reason that the latter day has not occurred on the date of the finding of the indictment.

. There is no question that the indictment, as amended, met the constitutional and statutory requirements mentioned in People v Sanchez (84 NY2d 440 [1994].)