█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG PEALS, Appellant. [38 NYS3d 803]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 17, 2013, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.

The indictment, which stated all the elements of second-degree assault, was not rendered jurisdictionally defective by the circumstances that it incorrectly alleged that the crime was committed on a certain date, and that defendant was apparently incarcerated on that date (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]). Unlike the situation in *People v Van Every* (222 NY 74 [1917]), where an incorrect date rendered the charge a legal impossibility on its face, here defendant's incarceration was an extrinsic, evidentiary fact not affecting the facial sufficiency of the indictment.

Defendant's remaining contentions are unpreserved, as well as forfeited by his guilty plea, and we decline to review them in the interest of justice. As an alternative holding, we find them unavailing. In accordance with CPL 200.70, the court properly amended the indictment to replace the errant date with the one reflected in the grand jury minutes, as well as in the bill of particulars and defendant's pretrial motions. Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.