■ EAST WEST RENOVATING Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and JOSEPH VITALE et al., Intervenors-Respondents. [791 NYS2d 88]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), entered on or about February 5, 2004, which denied petitioner landlord's application to annul respondent New York State Division of Housing and Community Renewal's (DHCR) finding of a rent overcharge and imposition of treble damages and dismissed the petition, unanimously affirmed, without costs.

It appears that on the October 1, 1992 commencement date of petitioner's initial one-year lease with the tenants, the apartment in question was rent stabilized by reason of the fact that petitioner was receiving J51 benefits that were not due to expire until June 30, 1993. These circumstances required that the lease include a notice that the apartment was to become deregulated on or about June 30, 1993 (Rent Stabilization Code

[9 NYCRR] § 2520.11 [o]). With ample record support, DHCR found that the lease contained no such notice, and that a purported copy of the notice produced by petitioner and purporting to bear the tenants' signatures was neither signed nor received by them. DHCR further held that even if the purported copy were authentic, it would not avail petitioner in view of another provision in the lease explicitly stating that the apartment was not subject to any kind of regulation. These findings rationally support the determination that the apartment did not become destabilized after expiration of the J51 benefits, and that petitioner willfully overcharged the tenants a free market rent. In fixing the overcharge, DHCR set a base date of January 20, 1996, four years prior to the filing of the overcharge complaint, and calculated the lawful increases forward from that date based on the free market rent that the tenants were paying immediately prior to the base date. We reject petitioner's argument that by so doing, DHCR improperly considered events surrounding the execution of the 1992 lease more than four years prior to the filing of the rent overcharge complaint in January 2000, in violation of Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (a) (2). DHCR's consideration of events beyond the four-year period is permissible if done not for the purpose of calculating an overcharge but rather to determine whether an apartment is regulated (*cf. Matter of Hargrove v Division of Hous. & Community Renewal*, 244 AD2d 241 [1997]; *Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424 [2004]). Concur— Tom, J.P., Saxe, Ellerin, Nardelli and Sweeny, JJ.