*527 OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
The defendant was previously charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), imprudent speed (Vehicle and Traffic Law § 1180 [a]) and moving from a lane unsafely (Vehicle and Traffic Law § 1128 [a]) on December 16, 2007. The charges of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]) were subsequently dismissed, without prejudice, by this court on February 21, 2008, because the supporting deposition was not sufficient on its face, pursuant to CPL 100.40 (2) and 170.30 (1). The reason for the insufficiency was that the form DWI supporting deposition did not indicate specifically how the arresting officer knew the defendant operated the vehicle in question. (See People v Cordeiro, 18 Misc 3d 1135[A], 2008 NY Slip Op 50320[U] [2008].) The remaining charges were withdrawn by the prosecution.
The People refiled all four charges on April 15, 2008 via simplified traffic informations. The defendant was arraigned on said charges on May 7, 2008. The People relied on the original form DWI supporting deposition dated December 7, 2007. Said supporting deposition attested to various indicia of intoxication relative to the original charges that were dismissed by the court. In addition the arresting officer filed a new supporting deposition, affirmed on April 14, 2008, which alleged how the officer determined that the defendant was the driver of the vehicle in question. However, said supporting deposition failed to attest to the physical condition of the defendant at the time of the arrest.
Defense counsel moved to dismiss the refiled common-law and aggravated driving while intoxicated charges on two grounds. First, the defense contends that the refiled accusatory instruments before the court were insufficient, since CPL 160.50 (1) (c) forbids the use of a prior intoxication supporting deposition issued in support of charges that were previously dismissed. Second, the defense contends that the current charges should be dismissed on statutory speedy trial grounds pursuant to CPL 30.30 (1) (b).
The People argue that the file, relative to the original charges, was never sealed, because the People were never served with a *528 notice of entry of the order of dismissal by the defense. Based on that fact, the People contend that reliance on the original intoxication supporting deposition was justified, which would then satisfy the nonhearsay requirements of CPL 100.40 (1) (c). Lastly, the People maintain that the defendant has not been denied his speedy trial rights.
Issues Presented
Can the People rely on the supporting deposition filed as part of the initial case that was dismissed without prejudice?
Was the sealing of the court’s file precluded by the fact that the defendant did not serve the court’s order of dismissal on the District Attorney?
Should the instant case be dismissed for failure to timely prosecute this matter pursuant to CPL 30.30 (1) (b)?
Legal Analysis
A. Reliance on Original Supporting Deposition
(i). Sealing of Court’s File
Criminal Procedure Law § 160.50 (1) requires that when a case is resolved in favor of a defendant, the record of said action must be sealed, unless otherwise directed by the court. No such previous direction has been made by this court relative to said original charges. “For the purposes of subdivision one of this section, a criminal action or proceeding against a person shall be considered terminated in favor of such person where . . . (b) an order to dismiss the entire accusatory instrument against such person pursuant to section 170.30 . . . was entered” (CPL 160.50 [3]). The same charges that are currently before the court were dismissed against the defendant for insufficiency as set out in this court’s aforementioned written decision. Thus pursuant to CPL 160.50 (1) and (3) the previous case was decided in favor of the defendant, which required that the entire record of that previous action be sealed. The sealing of said record would not allow the supporting deposition issued in support of the original simplified traffic informations to be used in support of the simplified traffic informations filed in the subsequent action. This would render the refiled simplified traffic informations charging the defendant with both common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]) insufficient, requiring their dismissal pursuant to CPL 170.30 (1), *529 170.35 and 100.40 (1) and (2) unless a supporting deposition, dated after the date of the previous dismissal, attesting to some of the alleged indicia of intoxication of the defendant was refiled as well.[1] In this case the arresting officer did not refile a supporting deposition sworn to after the said dismissal. Thus there are no nonhearsay allegations before the court relative to the issue of intoxication as required by CPL 100.40 (1) (c).
(ii) Failure to Serve the Order of Dismissal by Defendant on the People
The People in their written response rely on the requirements set out in CPL 460.10 (1) (a), which deals with the time requirements for filing an appeal in a criminal case. In particular the prosecution argues that since it was not served with a notice of entry of the court’s initial order of dismissal by the defendant or his attorney, the court’s file was never sealed. The prosecution argues that this would permit the use of the prior supporting deposition in question. However, there is no requirement in the Criminal Procedure Law which would require the prevailing party to serve the order of dismissal on the losing party in order to seal the court’s file. Criminal Procedure Law § 160.50 is quite specific. It requires that “[u]pon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section . . . the record of such action or proceeding shall be sealed.” (CPL 160.50 [1].) In fact, the sealing is automatic
“unless the district attorney upon motion with not less than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the record of such action or proceeding shall be sealed.”[2]
Thus the burden is on the People or the court to keep such a file open. No motion was ever filed in this matter requesting that the file remain open. Nor did the court order the original file to remain open.
*530 B. Speedy Trial
As previously indicated, the new charges were filed on April 15, 2008. In conjunction with same, a supporting deposition, attested to on April 14, 2008, dealing with the issue of operation by the defendant, was also filed with the court. However, as previously indicated, the arresting officer did not refile a supporting deposition relative to the issue of intoxication. The defendant’s motion to dismiss was filed with the court on February 11, 2009. Three hundred and two days elapsed between the date of the refiling of the charges and the date of the defense’s omnibus motions. During all that time, jurisdiction-ally defective accusatory instruments have been pending before this court. CPL 30.30 (1) requires that a motion for dismissal
“must be granted where the people are not ready for trial within . . .
“(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.”
Since the accusatory instruments before the court were insufficient ab initio, the People could not be considered ready for trial. (People v Kendzia, 64 NY2d 331 [1985].)
Conclusion
The refiled charges of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]) are dismissed on grounds of insufficiency pursuant to CPL 100.40 (1) (c), 170.30 (1) (a) and 170.35 (1) (a). The People’s reliance on CPL 460.10 (1) (a), in an attempt to extrapolate the notice of appeal rules to the sealing requirements of CPL 160.50 (1), is misplaced. Normally, a dismissal on insufficiency grounds is without prejudice.[3] However in this case the refiled charges of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]) are also dismissed on speedy trial grounds pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e), which effectively is a dismissal with prejudice.[4] The remaining vehicle *531 and traffic charges, to wit, imprudent speed (Vehicle and Traffic Law § 1180 [a]) and moving from a lane unsafely (Vehicle and Traffic Law § 1128 [a]), remain before this court. Traffic infractions are not governed by statutory speedy trial standards. (See People v Gonzalez, 168 Misc 2d 136 [1996].)

. See People v Ritter, Rochester City Ct, 2008, Melchor E. Castro, J.

. CPL 160.50 (1).

. People v Parris, 113 Misc 2d 1066 (1982).

. “There is no bar, however, to reprosecution when an information *531 or a misdemeanor complaint is dismissed ... on speedy trial grounds ... Of course, if a prosecution is reinitiated for the same category or class of offense, the action would immediately be subject to dismissal, because the statutory time period would be the same and would be calculated from the date of first commencement” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30 [“Reprosecution”], at 222-223, citing CPL 210.20 [4] [as barring reprosecution of an indictment dismissed on CPL 30.30 grounds]).