Matter of Bazan v New York State Div. of Hous. & Community Renewal (2020 NY Slip Op 07449)





Matter of Bazan v New York State Div. of Hous. & Community Renewal


2020 NY Slip Op 07449


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 154307/19 Appeal No. 12614 Case No. 2020-03036 

[*1]In the Matter of Guadalupe Bazan, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.


Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellant.
Mark F. Palomino, New York (Jeffrey G. Kelly of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered October 10, 2019, which, inter alia, denied the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated February 27, 2019, denying the petition for administrative review and affirming an order of the Rent Administrator denying petitioner's rent overcharge complaint, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner filed a rent overcharge complaint with DHCR in December of 2015, prior to the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA). Therefore, pre-HSTPA law applies (see Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 363 [2020]; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 509 [1st Dept 2020]), and DHCR's review of the apartment rental history was limited to four years prior to the filing of the overcharge complaint, the base date (see Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 364-365 [2010]).
DHCR's denial of petitioner's rent overcharge complaint, on the basis that the subject apartment had been lawfully deregulated prior to the base date, was neither irrational nor arbitrary and capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The record before DHCR provided it with a sufficient basis to conclude that approximately 10 years prior to the filing of the overcharge complaint, the landlord performed renovation work on the subject unit, and that the unit then became deregulated due to high rent vacancy (9 NYCRR 2520.11[r][4]; see e.g. Matter of Munk v New York State Div. of Hous. & Community Renewal, 45 AD3d 390, 390-391 [1st Dept 2007]).
DHCR also rationally concluded that there was insufficient indicia of fraud requiring it to inquire beyond the base date (see generally Grimm at 366-367; Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal, 162 AD3d 461, 463 [1st Dept 2018]). Contrary to petitioner's claim, DHCR rationally concluded that the landlord's alleged failure to comply with certain Department of Buildings requirements when the renovation work was performed did not establish a sufficient indicia of fraud.
While DHCR could review records prior to the base date in order to determine the apartment's regulatory status, it could not do so here in order to calculate an overcharge where there was insufficient indicia of fraud (see East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166, 167 [1st Dept 2005]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: December 10, 2020