Diagonal Realty, LLC v Linares (2020 NY Slip Op 51572(U))

[*1]

Diagonal Realty, LLC v Linares

2020 NY Slip Op 51572(U) [70 Misc 3d 133(A)]

Decided on December 31, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 31, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570758/19

Diagonal Realty, LLC,
Petitioner-Landlord-Appellant,
against
Isara J. Linares and Henry Jimenez,
Respondents-Tenants-Respondents, and "John Doe" and "Jane Doe,"
Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York
County (Jean T. Schneider, J.), entered on or about June 10, 2019, after a nonjury trial, which
dismissed the petition in a holdover summary proceeding.

Per Curiam.
Appeal from order (Jean T. Schneider, J.), entered on or about June 10, 2019, deemed an
appeal from the final judgment (same court and Judge), entered on or about the same date, and so
considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs.
Contrary to landlord's contention, the trial court properly considered the apartment's rental
history beyond four years from the commencement of the proceeding, since it was not done for
the purpose of calculating a rent overcharge, but rather to determine whether the apartment is
regulated (see Matter of Kostic v New
York State Div. of Hous. & Community Renewal, 188 AD3d 569, 569 [2020]
["Regardless of its age, an apartment's rent history is always subject to review to determine
whether a unit is rent-stabilized"];
Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201 [2011], appeal withdrawn 18
NY3d 954 [2012] ["except as to limit rent overcharge claims, the Legislature has not imposed a
limitations period for determining the rent regulatory status of an apartment"]; East W. Renovating Co. v New York State
Div. of Hous. & Community Renewal, 16 AD3d 166 [2005]). Nor was tenant
required to allege any colorable claim of fraud in order to challenge the change in the apartment's
status from rent-stabilized to unregulated, even if the change occurred beyond the four-year
statute of limitations for rent overcharge claims (see Gersten v 56 7th Ave. LLC, 88
AD3d at 199).
Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community
Renewal, 35 NY3d 332 (2020), relied upon by landlord, does not mandate a different result
since, [*2]as the Regina Court noted, "there is a
distinction between an overcharge claim and a challenge to the deregulated status of an
apartment" (Matter of Regina, 35 NY3d at 351 n 4; see Matter of Kostic, 2020
NY Slip Op 06856 at *2).
Turning to the merits, a fair interpretation of the evidence supports the determination that
landlord failed to meet its burden of proving that the apartment at issue was exempt from rent
stabilization based upon a high rent vacancy said to have occurred before tenant commenced
occupancy in April 2014. The record shows that the last legal, registered rent for the apartment
was $1,116.34 paid by the then-stabilized tenant (Michel) in 2006. Following Michel's vacatur,
the apartment was registered in July 2007 as permanently exempt due to a high rent vacancy, and
rented to one Bernardo Gonzalez. As the trial court correctly found, however, landlord "offered
no evidence whatsoever to support its claim that the legal rent for the apartment exceeded $2,000
in 2007," which was the then-applicable deregulation threshold (see Rent Stabilization
Code [9 NYCRR] § 2520.11[r][4]). No documentation of apartment improvements was
offered, nor was there any witness testimony demonstrating the nature and scope of the work
performed.
Nor did landlord establish that the legal regulated rent exceeded the then-applicable $2,500
deregulation threshold after Gonzalez vacated and tenant commenced occupancy in April 2014
(see Rent Stabilization Code § 2520.11[r][5]). Furthermore, landlord did not serve
upon tenant, as the ostensible first non-stabilized tenant, the required notice indicating the last
legal rent, the reason the apartment is no longer subject to rent stabilization, and how the rent
amount was computed (see Rent Stabilization Code § 2522.5[c][1]; Fuentes v Kwik Realty LLC, 186 AD3d
435 [2020]).
We have considered landlord's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concur I concur I concur 
Decision Date: December 31, 2020