## 1505 Broadway Realty LLC v Kahler

2024 NY Slip Op 31633(U)

May 8, 2024

Civil Court of the City of New York, Kings County

Docket Number: Index No. 306116/22

Judge: Juliet Howard

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART J
-------------------------------------------------------------------------X
1505 BROADWAY REALTY LLC

                                    Petitioner (Landlord)

                        -against-

TODD KAHLER
JOSH DEMATTEO

                                    Respondents (Tenants)

J.DOE 1, J.DOE 2

                                    Respondents (Undertenants)
-------------------------------------------------------------------------X

Index No.: 306116/22

Seq. No. 002

**DECISION/ORDER**

Present:
Hon. JULIET HOWARD
Judge, Housing Court

Recitation, as required by CPLR § 2219[a], of the papers considered in the review of respondent's motion for leave for discovery pursuant to CPLR § 408.

| **PAPERS** | **NYSCEF DOCS** |
|---|---|
| Notice of Motion & Affidavits Annexed........................ | 16 |
| Notice of Cross-Motion & Affidavits Annexed ................ | |
| Answering Affidavits ...................................................... | 28,29 |
| Replying Affidavits........................................................... | 38 |
| Exhibits ........................................................................... | 17-22; 30-32; 33,34 |
| Memorandum of law......................................................... | |

NYSCEF Documents # 16 to 38 reviewed.

Upon the foregoing cited papers, the decision and order of this motions is as follows:

Petitioner commenced this non-payment case on March 30, 2022. The petition states that the apartment is not covered by the emergency protection act of 1974 as amended or the rent stabilization code because it was substantially rehabilitated after January 1974. Respondent retained counsel and interposed an answer which included a defense of improper regulatory status. Respondent, who has been residing in the subject premises since July 2019, alleges that the building is rent stabilized as it contains eight units, was constructed prior to 1974, and has not been substantially rehabilitated. Respondent, by counsel, now moves for discovery related to the

1

[* 1]

"improper regulatory status" defense pursuant to CPLR §408. In opposition, petitioner states that respondent is not entitled to discovery and that discovery is barred by *Matter of Regina Metro Co, LLC v New York State Div of Hous & Community Renewal*, 35 NY3d 332 [2020] absent a showing or evidence of a fraudulent scheme to deregulate.

The petitioner in its opposition papers outlines the history and ownership of the subject premises and explains that the building was a four-family building that was exempt from rent stabilization and attaches a certificate of occupancy dated 2002. See, NYSCEF Doc # 31. On or around 2006 petitioner alleges that its predecessor began a complete gut renovation of the then vacant building. See NYSCEF Doc #32, which is a copy of some of the permits issued to the prior owner in a NYC Dept of Building work permit data sheet. Per the work permit data sheet renovation work was approved effective February 15, 2005. The petitioner represents that in the middle of the renovation project the petitioner purchased the subject building on or around August 2009 and annexes a deed showing its interest in the property. See, NYSCEF Doc # 33 which describes the property type, when purchased by petitioner, as a "4 family dwelling." Petitioner alleges that after purchasing the property they attempted to obtain a J-51 to complete the renovations and registered the rent and apartment as rent stabilized with DHCR in anticipation of receiving J-51 benefits. However, the petitioner alleges they never received any J-51 benefits and therefore stopped registering the building as rent stabilized. The petitioner completed the substantial rehabilitation of the building and received a new certificate of occupancy for the now 8 apartment residential building on or around May 3, 2012. Petitioner annexes the current certificate of occupancy for an 8-unit building. NYSCEF Doc # 34 Petitioner asserts that due to the substantial rehabilitation the formerly free market building was never

[* 2]

converted to a rent stabilized building, despite registering the building as rent stabilized for both 2010 and 2012 and despite listing two separate rent stabilized tenants on the DHCR registration.

Petitioner's opposition papers assert that respondent's motion fails to offer any indicia of fraud. The court agrees and notes there is no allegation of fraud here, only a challenge to the rent regulatory status of the subject building and unit is at issue in this discovery motion. Petitioner alleges they were required to register the unit with DHCR when attempting to obtain J51 benefits and since they never received J51 benefits, they argue that the registration of the unit as rent stabilized with DHCR did not actually make the apartment rent stabilized. It is not unreasonable for respondent to challenge the rent regulatory status after reviewing the DHCR printout which registered the unit as rent stabilized in two different (non-consecutive years), 2010 and 2012 respectively.

Contrary to petitioner's argument, the decision in *Regina* did not affect the look back period for determining an apartment's regulatory status. The court can consider an apartment's rental history beyond four years to determine whether an apartment is rent regulated. The court in *Diagonal Realty , LLC v Linares,* 135 NYS3d 750 [App Term 1st Dept 2020], confirmed that *Regina* kept a tenant's right to examine all of the apartment's rental history in order to determine the apartment's regulatory status. The court relied on footnote 4 in *Regina*. (See *Matter of Kostic v New York State Div of Hous & Community Renewal* 188 AD3d 569 [1st Dept 2020] ["Regardless of its age, an apartment's rent history is always subject to review to determine whether a unit is rent stabilized"] ["except as to limit rent overcharge claims, the Legislature has not imposed a limitations period for determining the rent regulatory status of an apartment." *Gersten v 56 7th Ave, LLC,* 88 AD3d 189, 201 [1st Dept 2011]; East W. Renovating Co v New York State Div of Hous & Community Renewal, 16 AD3d 166 [2005]). Nor was the tenant

3

[* 3]

required to allege any colorable claim of fraud (see *Gersten v 56 7th Ave. LLC*, 88 AD3d at 199 [2012] ["a tenant should be able to challenge the deregulated status of an apartment at any time during the tenancy"]; *72A Realty Assoc. v Lucas*, 101 AD3d 401,402 [2012] ["(A)s we explained in *Gersten,* tenant's challenge to the deregulated status of her apartment, which presents a 'continuous circumstance', is not barred by the six-year statute of limitations"]). Under the Housing Stabilization and Tenant protection Act of 2019 (HSTPA), courts of competent jurisdiction and DHCR can consider "all available rent history which is reasonably necessary" to decide the legality of the rent. See L 2019, ch 36, Section 1 (HSTPA).

Discovery in summary proceedings is available only by leave of court upon a showing of "ample need." Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18, 101 NYS3d 810 (App Term, 1st Dept 2019); CPLR 408. Among the factors a court is to consider in determining whether a party in a summary proceeding obtains discovery are whether the party has established facts to state a cause of action; whether there is a need to determine information directly related to the cause of action; whether the request is carefully tailored and is likely to clarify the disputed facts; whether prejudice will result from the granting of an application for disclosure; and whether the prejudice can be alleviated by a Court order. Matter of Georgetown Unsold Shares, LLC v. Ledet, 130 A.D.3d 99, 106 (2nd Dept. 2015); New York University v. Farkas, 121 Misc.2d 643, 647 (Civ. Ct. N.Y. Co. 1983).

Respondent's second defense (NYSCEF # 4, paragraph 10 through 12) sufficiently sets forth a good faith challenge to the regulatory status of the subject premises. Respondent's answer states the building at issue was constructed prior to 1974 and contains 8 dwelling units pursuant to the certificate of occupancy. The I-Card submitted in support respondent's discovery motion confirms the building was built before January 1, 1974. See, NYSCEF Doc. #18. Courts have

4

regularly granted disclosure in eviction proceedings when there are disputes as to whether an apartment is subject to Rent Stabilization. As such, this court finds that the respondent is entitled to discovery as to their challenge to the rent regulatory status. Discovery is appropriate under these circumstances solely to determine the regulatory status of the premises, as respondent is not alleging fraud, but whether the subject building and unit at issue is rent stabilized. Much of the information sought, the prior rent history, renovations, substantial rehabilitation, are in the hands of petitioner and/or its predecessor. Accordingly, respondent's motion for discovery is granted and the court finds that respondent has met the ample need standard set in *New York Univ v Farkas,* 121 Misc2d 643 [Civ Ct , NY Co 1983].

Respondent's defense and motion for discovery relating to the rent regulatory status of the unit is supported by documentary evidence in the form of a DHCR rent history printout. (NYSCEF Doc. #19) The DHCR printout shows "registrations not found" from 1984 through 2009 and then registrations not found from 2011 and consecutively from 2013 through 2020. However, the subject unit is listed as RS (rent stabilized) for 2010 and 2012 with two different tenants listed for each year. The subject unit was registered as a rent stabilized apartment with a monthly rent of $1250 from June 1, 2010 through May 31, 2011 (registered on July 27, 2012) to Shawn McAllister and then again registered as a rent stabilized apartment from September 1, 2011 through August 31, 2012 (registered on August 6, 2012) to Nathaniel Tigley for a monthly rent of $1300. See NYSCEF Doc. 19 DHCR apartment registration. The 2010 registration is listed with an "I" as an initial rent registration for the subject unit. Respondent asserts that the DHCR rent history does not reflect a substantial rehabilitation registration. Respondent, in support, also provides a certificate of occupancy for the subject building that lists the number of units as 8 and this document states the effective date is May 3, 2012 and the building type is

5

[* 5]

listed as "altered." The second page of this document indicates there are two apartments on each of the four floors and there is also a storage room and boiler room in the cellar. See, NYSCEF Doc. #22. The DHCR printout, at minimum, shows that Respondent has a good faith challenge to the regulatory status of the apartment. Whether the building was substantially rehabilitated and thereby is exempt from rent stabilization and in compliance with DHCR Operational Bulletin 95-2 as to substantial rehabilitation cannot be determined solely from the documents presented thus far. *See, BSP 1908 Belmont 1 LLC v. Tavarez*, 2018 NY Misc Lexis 3008 (Bronx Cty, NY) Respondent seeks to determine whether petitioner has satisfied the criteria listed in the DHCR Operational Bulletin 95-2 in support of petitioner's claims that the subject building was substantially rehabilitated and therefore exempt from rent regulatory status.

Here respondent has shown ample need for limited discovery relating to the apartment improvements that were the basis for the purported substantial rehabilitation. The petitioner puts forth sufficient documentation showing the subject building was originally a four-unit building. See Certificate of occupancy dated August 9, 2002. NYSCEF Doc. # 31. Thereafter petitioner alleges the building went under gut rehabilitation on or around 2006 and submits limited work permit data in support. See NYSCEF #32. Petitioner purchased the subject building in 2009 and alleges they filed for J51 status during the period petitioner intended to complete the gut rehabilitation and at that point in time registered the building for J51 benefits and registered it as rent stabilized in hopes they would get J51 benefits. However, the petitioner alleges they never received approval for J-51 benefits and thus did not continue to register the apartment as rent stabilized. As such petitioner asserts the building was never rent stabilized, despite being registered as rent stabilized with DHCR for a limited period for 2010 and 2012. While petitioner has provided compelling arguments as to why the building was briefly registered as rent

6

[* 6]

stabilized, the court is unable to make a determination of the rent regulatory status based on documentation submitted but will substantially limit the period sought for discovery.

A trial court has broad discretion to grant or deny disclosure requests and must balance the needs of the party seeking discovery against such opposing interests as expedition. Chinatown Preserv. HDFC v. Yu Hua Chen, 27 Misc.3d 1213(A) (Civ. Ct. N.Y. Co. 2010), citing Town of Pleasant Valley v. New York State Bd. of Real Property Services, 253 A.D.2d 8, 16 (2nd Dept 1999). Here this Court does take issue with the time period sought in the proposed Demand for Discovery. NYSCEF Document #17. Respondent seeks documents dating back to January 1, 1974. The court finds this period requested burdensome, onerous, and overly broad, particularly considering supporting documentation provided by both sides. Respondent in its reply papers notes that it seeks discovery regarding petitioner's claim that the apartment has been deregulated through substantial rehabilitation and respondent seeks information outlined in the DHCR Operational Bulletin 95-2. The petitioner states the substantial rehabilitation occurred over a multi-year period, beginning with petitioner's predecessor, from on or around 2006 through 2012. The respondent, in its reply papers, states that he seeks documents to show whether or not the building was substantially rehabilitated during the relevant period. The updated certificate of occupancy confirms that effective May 3, 2012 the building was registered as an eight-unit building.

Accordingly, discovery is granted, but limited to the period of February 15, 2005 (per NYSCEF Doc #32 NYC Dept of Buildings Work Data Permit this was the effective dates a work permit was approved for the subject building) and through August 31, 2012 and solely to the extent those documents are in the custody and control of petitioner. This limited time frame of February 15, 2005 through May 12, 2012, includes the two non-consecutive years (2010 and

7

[* 7]

2012) when the subject apartment was registered as rent stabilized with DHCR. The last rent stabilized lease registered with DHCR ends on August 31, 2012. See, NYSCEF Doc. #19 and the current certificate of occupancy lists an effective date of May 3, 2012, when the building was registered as an 8-unit building. The documents are to be forwarded to respondent's counsel within 45 days. If any of the documents are not within the petitioner's custody and control, then Petitioner shall forward a supporting explanatory affidavit informing respondent's counsel what documents are not within their custody and control and are to only provide documents that are within their custody or control.

Furthermore, respondent is granted leave to depose petitioner and to demand documents listed in the proposed discovery demand attached as Exhibit "A" to respondent's motion (NYSCEF # 17) and limited to the relevant timeframe for discovery as outlined above from February 15, 2005 through August 31, 2012. Specifically, this court strikes all requests for discovery or production of documents prior to February 15, 2005 (the effective approval date per work permit data) as overbroad and onerous to the petitioner and strikes any request for documents prior to February 15, 2005. *See, Grotallio v. Soft Drink Leasing Corp*. 97 A.D. 383, 468 N.Y.S.2d 4 (1st Dept. 1983). Discovery and all related inquiries shall be focused and narrowly tailored on the limited issue of whether the building and subject unit was substantially rehabilitated so as to be in compliance with DHCR Operational Bulletin #95-2 during the relevant time frame ordered by this court.

Accordingly, the petitioner is to provide documents sought in the annexed Notice to Produce Documents (Respondent's Exhibit A) but limited to the time frame set forth above within 45 days of the date of this decision. Upon completion of the document production the parties are to schedule a deposition of petitioner. The proceeding is adjourned to July 31, 2024 at

8

[* 8]

9:30am in Part J room 502 as a control date for all purposes. If the parties seek additional time to comply with the terms of this order it is without prejudice to both sides right to seek an extension of time. Alternatively, if discovery is completed prior to the control date, the return date can be accelerated by either two attorney stipulation or by motion on notice to this court.

Accordingly, respondent's motion for discovery is granted as outlined above and the underlying proceeding is adjourned to July 31, 2024 at 9:30am in Part J.

This is the Decision and Order of the court to be uploaded to NYSCEF.

Dated: May 8, 2024
Brooklyn, New York                          Juliet P. Howard, JHC

9

[* 9]