Nadler v Carmine Ltd. (2024 NY Slip Op 04913)

Nadler v Carmine Ltd.

2024 NY Slip Op 04913

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Manzanet-Daniels, J.P., Singh, Mendez, Rosado, O'Neill Levy, JJ. 

Index No. 155461/22 Appeal No. 2754 Case No. 2023-06192 

[*1]Margaret Nadler, Plaintiff-Appellant,
v
Carmine Limited, Defendant-Respondent.

Gallet Dreyer & Berkey, LLP, New York (David L. Berkey of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 14, 2023, which granted defendant's motion for partial summary judgment dismissing plaintiff's first, second, and third causes of action, unanimously modified, on the law, to deny the motion as to the first and second causes of action, and otherwise affirmed, without costs.
As to plaintiff's first cause of action, which seeks a declaratory judgment that her apartment located in defendant's building is subject to rent stabilization, defendant failed to meet its prima facie burden establishing that the apartment was legally deregulated in 2003 (see Matter of 985 Fifth Ave. Inc. v State Div. of Hous. & Community Renewal, 171 AD2d 572, 574 [1st Dept 1991], lv denied 78 NY2d 861 [1991]; Diagonal Realty, LLC v Linares, 70 Misc 3d 133[A], 2020 NY Slip Op 51572[U] [App Term, 1st Dept 2020]). The Division of Housing and Community Renewal rent registration history report for the apartment did not establish the lawful rent for the apartment. Notably, the report stated that it "merely report[ed] the statements made by the owner" and "d[id] not attest to the truthfulness" of those statements. Meanwhile, the leases defendant submitted showed only what the apartment's former tenants actually paid, not what they should have paid. Nor do the New York City Rent Guidelines Board (RGB) orders aid defendant. Although RGB Order 23 explains the jump in rent from $895.52 in 1992 to $998.50 in 1993, as the order allowed defendant's predecessor owner to increase the rent by the annual renewal adjustment, the RGB orders do not explain the monthly rent jump from $998.50 in 1993 to $1,663.91 in 1994, which the DHCR report states were based in part on improvements to the Apartment. Defendant furnished no evidence concerning these improvements. Defendant's argument that it was not required to furnish evidence from 1993 and 1994 supporting the apartment's regulated status is unavailing (see Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal, 194 AD3d 464, 469 [1st Dept 2021]).
Insofar as plaintiff's second claim for injunctive relief seeking a proper lease depends on the apartment's regulated status, defendant's motion seeking to dismiss that claim should have been denied as well.
However, plaintiff's third claim for rent overcharges was properly dismissed. Plaintiff filed this action in 2022, 16 years after she claims she was first overcharged (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. and Community Renewal, 35 NY3d 332, 363, 388 [2020]). Plaintiff could not use discovery to establish her overcharge claim, as the 1993 rent bump occurred 10 years before the apartment was deregulated and nearly three decades before she filed her complaint (see Administrative Code of City of NY § 26-516[g]; Fuentes v Kwik Realty LLC, 186 AD3d 435, 437 [1st Dept 2020]). Plaintiff's argument that the court erroneously considered defendant's statute of limitations [*2]defense to the overcharge claim, which defendant presented for the first time in its reply before the court, is unavailing. The 16-year time gap between defendant's first alleged overcharge and the date the complaint was filed is on the face of the record, and the argument did not allege new facts and was determinative (see Newport E. Inc. v Sviba Floral Decorators, Inc., 202 AD3d 482, 484 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024