People v Dennard (2025 NY Slip Op 50055(U))

[*1]

People v Dennard

2025 NY Slip Op 50055(U)

Decided on January 17, 2025

Justice Court Of The Town Of Webster, Monroe County

DiSalvo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 17, 2025
Justice Court of the Town of Webster, Monroe County

The People of the State of New York

against
Jermaine R. Dennard, Defendant.

Case No. 24100004

Sandra Doorley, District Attorney, Monroe County (David A. Bird of Counsel), for plaintiff. 
Julie Cianca, Monroe County Public Defender (Sara Gaylon of Counsel), for defendant. 

Thomas J. DiSalvo, J.

History of the Case.
The defendant was charged with assault in the third degree and criminal obstruction of breathing or blood circulation, in violation of P.L. §§ 120.00 (1) and 121.11, respectively.He was arraigned at an off hours arraignment on September 30, 2024. The case was adjourned to October 16, 2024 for disposition. At that time a further adjournment was requested by defense counsel to November 20, 2024.On that date`the case was again adjourned to allow the defense to file omnibus motions.December 18, 2024 was set as the date for argument of motions, at which time the matter came on regularly to be heard for that purpose. Defense motions were filed with the court on November 15, 2024. A Notice of Motion and Responding Affirmation was filed by the People on December 17, 2024. In the meantime, the People filed with the court a Certificate of Compliance and Statement of Readiness on October 17, 2024.
Facts of the Case.
Defense counsel's omnibus motions were primarily directed at the alleged insufficiency of the accusatory instruments, i.e. the informations, which had been filed with the court. In particular, defense counsel argues that the informations were defective on their face pursuant to CPL §§ 150.30 (1) (a); 170.35 (1) (b); 100.40 (1) (b); 100.40 (4)(b) and 100.40 (1) ( c).The basis for that argument is that the defendant's name as set out in the factual portion of the complaints is misspelled. Specifically the defendant's name as set out as "Germain" rather that "Jermaine", which is the correct spelling.[FN1]
In addition, one of the two supporting depositions [*2]that accompany the complaints, which together form informations,[FN2]
correctly referred to the defendant as "Jermaine". The deponent in that supporting deposition identified the defendant as "my step father, Jermaine". However the other supporting deposition referred to the defendant as "Jermaie". Nevertheless, that deponent stated in her supporting deposition that she "was sleeping at my house with Jermaie Dennard (DOB: [XX/XX/1974])".[FN3]

Defense counsel argues that the incorrect spelling of the defendant's name in the two complaints and in one of the supporting depositions renders the accusatory instruments insufficient on their face and that they cannot be cured by amendment.Thus the defense is requesting that the said informations be dismissed. It is the People's contention that the defense motion herein be denied, because the misspelling of the defendant's name by one letter in the factual part of the two complaints is a minor typographical error, which does not render the said informations defective on their face. In addition, the People point out that the defendant's name is spelled correctly in a supporting deposition. Presumably, the People would contend that the said accusatory instruments could be amended to reflect the defendants correct name.
Legal Analysis.
Both sides cite People v. Hardy, 35 NY3d 466, 132 N.Y.S. 3d 394 [2020] in support of their respective positions. Reliance on Hardy depends upon a correct interpretation of its holding. In order to make that determination, it is important to review the facts of that case. The defendant in Hardy was charged with harassment and criminal contempt in the second degree.[FN4]
In sum and substance the facts of the case are as follows: On September 13, 2013 a two year order of protection was issued against Edward Hardy; In January of 2015 he was accused of violating that order of protection and was charged with criminal contempt in the second degree and harassment; The case was adjourned at arraignment so that the People could obtain a supporting deposition to convert the complaint into an information; There were a number of errors set forth in the attached domestic incident report relative to the reported dates of the incident; Most importantly the accusatory instrument incorrectly alleged that the crime in question took place on October 25, 2015, which said date would have been beyond the two year period covered by the order of protection; Thus the accusatory would have been insufficient on its face since it would not have set out facts showing that the order of protection was violated.[FN5]
Over the objection of the defense attorney, the criminal court, referring to the wrong date as [*3]"clearly a typographical error which the People can move to amend at any time" allowed the accusatory instrument to be amended.[FN6]
Subsequently the defendant plead guilty to criminal contempt and was sentenced to 90 days in jail.[FN7]

"On appeal, Mr. Hardy challenged the facial sufficiency of the original accusatory instrument and argued the court impermissibly granted the People's motion to amend the instrument .... The Appellate Term, after noting that 'case law has been inconsistent in this area', ... ultimately upheld the amendment.(internal citations omitted)"[FN8]
The Court of Appeals granted the defendant leave to appeal.[FN9]
"The People agreed that the original misdemeanor complaint was facially insufficient, and that Mr. Hardy could not have been prosecuted on it. Therefore, the question was whether the court had the authority to amend the date to create a valid instrument."[FN10]
The Court of Appeals stated that
" CPL 200.70 does permit the kind of factual amendment the People sought to make here, but only for a select subset of accusatory instruments, and not for informations or complaints. As relevant to Mr. Hardy's case, the CPL provides, at most, that only the nonfactual, accusatory portion of an information can be amended."[FN11]
The Court went on to explain that in replacing the Code of Criminal Procedure with the current Criminal Procedure Law that
"For complaints and informations, the legislature did not permit factual amendments for time, place, or names, as it had for prosecutor's and superior court informations. Instead, CPL 100.45 (3) permits the prosecutor to amend only the accusatory part of an information to add additional charges, provided those charges are supported by the original factual allegations."[FN12]
Certainly misdemeanor complaints and informations are held to a higher standard in terms of facial sufficiency as compared to other accusatory instruments such as a prosecutor's and [*4]superior court informations. The holding of such misdemeanor accusatory instruments to a higher standard for sufficiency than a felony accusatory instrument may seem counter-intuitive. However,
"The legislature's decision to exclude informations and misdemeanor complaints from the scope of section 200.70 is supported by a strong rationale. An information or a complaint—unlike an indictment or superior court information—commences a criminal action based on the allegations of someone who is not an officer of the court, and whose testimony has not been vetted by a grand jury. Under those circumstances, it was reasonable for the legislature to decide that no one but an affiant should be permitted to alter the factual allegations previously sworn to by an affiant. Moreover, where the legislature did permit the prosecutor to move to amend informations, it expressly limited such amendments to the accusatory portion only, and further required that the amendment to the accusatory portion must be 'supported by the allegations of the factual part of such information and/or any supporting depositions which may accompany it' (CPL 100.45 [3]). Allowing amendments to the factual part of an information would render the restriction in CPL 100.45 meaningless."[FN13]
In fact, "The failure to file a sufficient information is a nonwaivable jurisdictional defect, which is of such significance that it may be raised for the first time on appeal. People v. Alejandro, 70 NY2d 133, 517 N.Y.S.2d 927, 511 N.E. 2d 71 (1987)"[FN14]

Nevertheless, the People are not without a remedy in cases wherein it is determined that the accusatory instrument is insufficient on its face. In that situation the Court in Hardy held that
"The CPL does provide its own pathway for correcting factual errors in complaints and informations, through the filing of a superseding accusatory instrument (CPL 100.50), not through a prosecutor's amendment of facts averred by someone else. We recognize that the October 25, 2015 date in the accusatory instrument here cannot possibly be correct and that the correct date can be inferred from information outside the four corners of the accusatory instrument. However, in evaluating the sufficiency of an accusatory instrument we do not look beyond its four corners (including supporting declarations appended thereto) (People v Thomas, 4 NY3d 143, 146 [2005]). It is the People's responsibility to obtain a sworn statement with the correct factual allegations and proceed on a superseding instrument."[FN15]
Nevertheless, if an information is dismissed on the basis of facial insufficiency, the use of the original supporting depositions in support of the superceding accusatory would not be permitted. Supporting depositions affirmed after the date of the previous dismissal which are filed with the superceding accusatory instruments would be required to establish facial sufficiency. That is because the dismissal of the prior accusatory would result in the entire record of that case being sealed pursuant to CPL § 160.50 (1) and (3). (People v. Cordeiro, 24 Misc 3d 526 [Webster Just Ct 2009, DiSalvo J.])
The People herein contend that the Court of Appeals in Hardy based its decision on the fact that the accusatory instrument was facially insufficient because it stated a date for the violation of order of protection in the factual part of the accusatory instrument that was beyond the two years of the order of protection. Thus the People maintain that the insufficiency of the accusatory in Hardy was because it did not set forth a prime facie case that the defendant committed the offense charged in the accusatory part, but not because of a typographical error.
The defense maintains that the name of the defendant in the factual part of the accusatory instrument cannot be amended to reflect the proper spelling of the defendant's first name. In addition, defense counsel argues that the fact that the defendant's name is misspelled renders the said accusatory instruments insufficient on their face.In Hardy the Court highlighted the difference between the prior Code of Criminal Procedure and the current Criminal Procedure Law.[FN16]
The Court went on to state that 
"In the CPL, the legislature expressly stated which amendments to complaints and informations are permissible (nonfactual amendments) and expressly authorized date, time, and place amendments for only a select subset of accusatory instruments: prosecutor's informations, indictments, and superior court informations. The People's position would have us write into the CPL an authority to make factual amendments to informations that the legislature declined in two separate places to include."[FN17]
In addtion, the Court stated that
"Moreover, because we presume the legislature was aware of our decisional law at the time of enactment (see Matter of Odunbaku v Odunbaku, 28 NY3d 223, 229 [2016]), we must give proper effect to the legislature's decision to incorporate Easton' s [People v. Easton, 307 NY 336, 121 N.E. 2d 357 (1954)] 'no prejudice' rule for some, but not all, of the types of accusatory instruments it had delineated. The CPL's rule for indictments, prosecutor's informations, and superior court informations is that date, time, and place errors may be fixed if the correction does not prejudice the defendant (see CPL 200.70). That is not the rule for complaints and informations."[FN18]
In reconciling the apparent two divergent interpretations of Hardy, in particular, and of the law in this area, in general, one must review how the courts have held in other cases involving the sufficiency of accusatory instruments that contain some type of error.
One such case is People v. Thomas, 4 NY3d 143, 791 N.Y.S.2d 88 [2005].In that case the Court of Appeals restated the long established principle that "an information must set forth the required nonhearsay evidentiary allegations within 'the four corners of the instrument itself' or in annexed supporting depositions".[FN19]
Thus the supporting deposition attached to the accusatory instrument can be utilized to correct a deficiency otherwise found in the accusatory instrument.
In People v. Baez, 80 Misc 3d 1206[A] , 2003 NY Slip Op 50929 [U], *2 [2003] the offense set out in the accusatory instrument was alleged to have been committed "on or about January 25, 2023, but there is no dispute that the conduct took place on December 31, 2022". In that case the court held this case was different from Hardy in that "the information does in fact state a crime; therefore, no amendment to the information is necessary to salvage it".[FN20]
See also, People v. Perry, 78 Misc 3d 132 {A] 2023 NY Slip Op 50428 {U], *1 {2023] wherein the court stated "The minor discrepancy between the complaint and deposition regarding the precise location of the moving train when the incident occurred was merely technical, not jurisdictional".
The People rely on People v. Johnson, 83 Misc 3d 133(A), 2024 NY Slip Op. 51175 [U] [2024] in their opposition the to dismissal of the accusatory instrument herein. That case did not per se deal with the amendment of the accusatory instrument. Instead the court in that matter determined that 
"Although the accusatory instrument incorrectly states that the incident occurred on '10/23/21,' the supporting deposition, voided receipt, and arrest record, all attached to the accusatory instrument, correctly indicate that the incident occurred on '9/23/21.' Giving the accusatory instrument and supporting documents, 'a fair and not overly restrictive or technical reading,' as we must, we find that the accusatory instrument is not rendered facially insufficient by the lone incorrect and, under the circumstances, impossible, date. The documents accompanying it, which, taken together, must be considered in determining the legal sufficiency of the accusatory instrument, make it clear to any reasonable reader that the statement that the incident occurred on '10/23/21' is a typographical error and, unlike the situation in People v Hardy (35 NY3d 466 [2020]), the correct date is set forth several times in the accompanying documents (see People v Brissett, 62 Misc 3d 149[A], 2019 NY Slip Op 50271[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Consequently, the misdemeanor complaint is facially sufficient as it is adequately detailed to provide defendant with notice of the offense charged so that he can prepare a defense and not be tried twice for the same offense (see Casey, 95 NY2d [*5]at 360)."[FN21]
In People v. Abate, 82 Misc 3d 909, 204 N.Y.S.3d 732 [Just Ct. 2024, Wukitsch, J], wherein the defendant was charged with misdemeanor driving while intoxicated, there was a difference between the simplifed traffic informations and the supporting deposition. "The simplified traffic information list the time of the incident as August 17, 2023 at 12:28 am. The supporting deposition indicates that the time of the incident was August 16, 2023 at 23:52 (11:52 pm), a 36-minute discrepancy."[FN22]
The defense citing "Hardy" argued that "the incorrect time on the simplified traffic information in the space listed for 'time of incident' is an incurable defect".[FN23]
In distinguishing the facts of Abate the court held that "And despite some of its very broad language, the court in Hardy noted and ultimately concluded that the typographical error present there constituted a fundamental jurisdictional defect because it negated an element of the alleged crime of criminal contempt (Hardy at 475-476, 132 N.Y.S.3d 394, 157 N.E.3d 117)."[FN24]
The court went on to explain that " Under Hardy the court is instructed to determine whether the accusatory instruments standing alone (but including supporting declarations appended thereto) allege the elements of the charged crime (Hardy at 474, 132 N.Y.S.3d 394, 157 N.E.3d 117 ['... in evaluating the sufficiency of an accusatory we do not look beyond its four corners (including supporting declarations appended thereto)']."[FN25]
In denying the motion to dismiss the said simplified traffic information and supporting deposition the court noted that accusatory instruments therein alleged every element of the crime of driving while intoxicated.[FN26]
That was the "critical distinction" from the facts in Hardy, wherein the accusatory instruments failed to state a crime.[FN27]

As previously indicated, the defense maintains that the name of the defendant in the factual part of the accusatory instrument cannot be amended to reflect the proper spelling of the defendant's first name. Therefore defense counsel relies on that position to maintain that since the defendant's name is misspelled said accusatory instruments are insufficient on their face. That position does not appear to be in accord with the various decisions that have interpreted Hardy as cited herein. In fact there does not appear to be any actual dispute as to the proper spelling of the defendant's first name.
The common difference between Hardy and the other cases cited is that the accusatory in [*6]the former case did not allege a prime facie case that a crime had been committed That meant that only a superceding accusatory rather than an amendment was necessary to cure the problem. In a situation wherein the facts alleged by the information does in fact allege a prime facie case against the defendant, the accusatory instrument will be deemed sufficient on its face. Taking into account the facts alleged in the informations, including the two supporting depositions, and which were sworn to by individuals, who personally knew the defendant, one must conclude that the accusatory instruments herein are in fact sufficient on their face. Even the supporting deposition of the deponent that contained the incorrect spelling of the defendant's first name, correctly sets out the defendant's last name and date of birth. That deponent also referred to the defendant as the one who slept at her house. Furthermore, it has long been the standard that
" 'So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading' (Casey, 95 NY2d at 360; see People v Dreyden, 15 NY3d 100, 103 [2010])."
(People v. Baez, 80 Misc 3d 1206[A] , 2003 NY Slip Op 50929 [U], *2 [2003])
See also CPL § 170.35 (1) (a) which states
"An information, a simplified information, a prosecutor's information or a misdemeanor complaint, or a count thereof, is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when: It is not sufficient on its face pursuant to the requirements of section 100.40; provided that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend."
Thus assuming the accusatory instruments herein set forth a prime facie case that the crimes alleged have been committed by the defendant, and this court holds that they do so, an amendment to the factual part of the information is permitted by statute.[FN28]
As a result, the said accusatory instruments, including the supporting depositions, are hereby deemed facially sufficient on their face. However, amendment of the factual part of an accusatory instrument would not be permitted if the amendment was required in order to convert an otherwise defective information or misdemeanor complaint into one that is sufficient on its face. For the reasons previously stated that was not the situation in this case.
Conclusion.
Therefore the motion to dismiss the accusatory instruments charging the defendant with assault in the third degree and criminal obstruction of breathing or blood circulation as being facially insufficient pursuant to CPL §§ 100.40, 170.30 and 170.35 is hereby denied.This constitutes the decision and order of this court.
Dated: January 17, 2025
Webster, New York
Hon. Thomas J. DiSalvo
Webster Town Justice

Footnotes

Footnote 1:It should be noted that the defendant's name is also misspelled in the caption of both complaints as "Germain" rather that "Jermaine". The court will amend the caption in this case to reflect the correct name of the defendant accordingly, to wit: Jermaine R. Dennard.

Footnote 2:(See CPL §§ 1.20 [4]; 100.10 [1] and 100.40 [1]. See also CPL § 1.20 [1] which states in pertinent part '"Accusatory instrument' means: (a) an indictment, an indictment ordered reduced pursuant to subdivision one-a of section 210.20 of this chapter, an information, a simplified information, a prosecutor's information, a superior court information, a misdemeanor complaint or a felony complaint.")

Footnote 3:(The first name of the defendant is misspelled, but the last name of the defendant and his birthday were spelled correctly in the supporting deposition.)

Footnote 4:(Hardy at 468,394)

Footnote 5:(Id. at 469, 395) 

Footnote 6:(Id.)

Footnote 7:(Id.)

Footnote 8:(Id. at 469-470, 396)

Footnote 9:(Id. at 470, 396) 

Footnote 10:(Id.)

Footnote 11:(Id. at 471-472, 397)

Footnote 12:(Id. at 472, 397) 

Footnote 13:(Id. at 472-473, 398)

Footnote 14:(Village, Town and District Courts in New York § 3:128 [2024-2025 ed])

Footnote 15:(Id. at 475, 399)

Footnote 16:(Id. at 468-469, 394-395)

Footnote 17:(Id. at 473- 474, 398) 

Footnote 18:(Id. at 474, 399)

Footnote 19:(Id. at 146, 70)

Footnote 20:(Id. at * 2)

Footnote 21:(Id. at *1)

Footnote 22:(Id. at 910, 734)

Footnote 23:(Id. at 911, 736)

Footnote 24:(Id. at 912, 736)

Footnote 25:(Id. at 912,736)

Footnote 26:(Id. at 913,737) 

Footnote 27:(Id.)

Footnote 28:("The type of amendments contemplated by the statute is limited to matters of time, place, names of persons, and the like." (Criminal Procedure in New York § 10:2 [2nd ed])